## Barthold *v.* Philadelphia, Appellant.

*Negligence—Municipality—Infant—Public grounds.*

In an action against a municipality to recover damages for the death of plaintiff's son, a boy eleven years old, it appeared that the boy was drowned in a pool or well upon ground acquired by the city some six months before the accident. The well was open of access to persons of all ages, the wall inclosing it being lower than the surrounding surface. Plaintiff's son came to the pool to wash his shoes, and sat down upon a stone which was part of or was lying upon the wall. The stone tipped under his weight, and he fell backward into the water, and was drowned. The stone on which he sat fell at the same time into the pool. *Held*, that the question whether the city exercised proper care in leaving the pool for six months in the condition described, open to the access of children, in the public grounds, was a question of fact for the jury.

Argued March 21, 1893. Appeal, No. 18, Jan T., 1893, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 930, on verdict for plaintiff, John Barthold. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for damages for death of plaintiff's son.

At the trial, before HARE, P. J., it appeared that, on July 1, 1891, William Barthold, a boy ten years and eight months old, fell into a well or pool of water situated on grounds belonging to the city of Philadelphia continguous to Fairmount Park. The ground upon which the well was located was dedicated to the city by H. H. Houston in February, 1891. The circumstances of the accident are described in the opinion of the Supreme Court.

Defendant's request for binding instruction was refused.

Verdict and judgment for plaintiff for $1,200. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Howard A. Davis*, *Charles F. Warwick* with him, for appellant.—The boy was of sufficient capacity to be guilty of contributory negligence: P. W. & B. R. R. v. Layer, 112 Pa. 414; Nagle v. Allegheny Valley R. R., 88 Pa. 35; Gillespie v. Mc-

Gowan, 100 Pa. 144.   There being no conflict in the testimony as to the contributory negligence of this boy, it was therefore a question of law, and for the court alone: Cougle v. McKee, 31 W. N. C. 261; Hoag v. R. R., 85 Pa. 293.   The parents were guilty of contributory negligence: Glassey v. R. R., 57 Pa. 172; R. R. v. Pierson, 72 Pa. 169; Cauley v. R. R., 95 Pa. 398.   The city was not negligent: 2 Dillon's Municipal Corporations, § 965.

*Theo. Cuyler Patterson,* for appellee, cited: Nagle v. R. R., 88 Pa. 35; Smith v. O'Connor, 48 Pa. 218; Hey v. Phila., 81 Pa. 44; R. R. v. White, 6 W. N. 516; Norristown v. Moyer, 67 Pa. 355; McLaughlin v. Corry City, 77 Pa. 109; Erie v. Schwingle, 22 Pa. 384.

OPINION BY MR. JUSTICE WILLIAMS, April 10, 1893:

The complaint in this case is that the learned judge of the court below did not give to the jury a binding direction to find in favor of the defendant.   It is not the manner, but the fact, of its submission that is assigned for error; so that our question is whether there was evidence which justified the court below in submitting the negligence of the defendant to the jury for determination.   Turning therefore to the evidence we find it was shown that the pool or well in which the plaintiff's son lost his life was upon ground acquired by the city some six months before the accident, for the purpose of adding it to Fairmount Park.   It was not only upon the public grounds but was open of access to persons of all ages.   The wall that inclosed it was lower than the surrounding surface.   The plaintiff's son came to the pool to wash his shoes and sat down upon a stone which was part of or was lying upon this wall.   The stone tipped under his weight and he fell backward into the water and was drowned.   The stone on which he sat fell at the same time into the pool.   Whether it was the exercise of proper care on the part of the city to leave this pool for six months in the condition described, open to the access of children, in the public grounds, was not a question of law but of fact, and properly submitted to the jury.   We have nothing to do with the correctness of their finding.   The court below was the proper place for a motion for a new trial.

The judgment is affirmed.