## Guilmartin, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Unfenced lot—Infant—Unsafe gate.*

A city is not required to anticipate and guard against dangers to children which may result from the improper use of objects safe in themselves and for the use for which they are designed.

Where a boy ten years old goes upon a lot owned by a city and open to the street on all sides, and climbs upon a gate which was the entrance to a driveway leading to a house which had formerly been a mansion house, and the gate falls under the boy's weight and the boy is injured, the city is not liable, where it appears that the gate was safe if used properly, and that there was no danger of its falling if touched or run against.

Argued Jan. 9, 1902. Appeal, No. 216, Jan. T., 1901, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1899, No. 885, refusing to take off nonsuit in case of Thomas Guilmartin, Jr., by his father and next friend, Thomas Guilmartin, Sr., and Thomas Guilmartin, Sr., in his own right, v. City of Philadelphia. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy ten years old. Before Brégy, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*A. S. Ashbridge, Jr.,* for appellants.—The city is liable for damages occurring on a school property, or from a school property as a result of its negligence : Briegel v. Philadelphia, 135 Pa. 451 ; Glase v. Philadelphia, 169 Pa. 488 ; Kies v. City of Erie, 169 Pa. 598.

If the plaintiff, Thomas Guilmartin, Jr., had been standing on the sidewalk and this gate had fallen on him, there can be absolutely no question but that the city would have been responsible : Palmore v. Morris, Tasker & Co., 182 Pa. 32.

*Howard A. Davis,* assistant city solicitor, with him *Samuel Chew,* assistant city solicitor, and *John L. Kinsey,* city solicitor,

for appellee.—A child of between seven and eight years of age may be a trespasser and subject to the rules of law relating to trespassers : McGowan v. Gillespie, 100 Pa. 144 ; Westerberg v. Kinzua, etc., R. R. Co., 142 Pa. 471.

The municipality is not bound, even in a public park, to anticipate what a reckless or mischievous boy might do and provide against it : Ewen v. Philadelphia, 194 Pa. 548 ; Betham v. Philadelphia, 196 Pa. 302 ; McDade v. Chester, 117 Pa. 414 ; Le Grand v. Wilkes-Barre, etc., Traction Co., 10 Pa. Superior Ct. 12.

OPINION BY MR. JUSTICE FELL, February 24, 1902:

The negligence charged was that the city allowed a gate which stood on its property to remain in a dangerous condition. The property was suburban and consisted of a square of ground which had been acquired by the city for the purpose of establishing a public park, but had not been improved nor thrown open to the public as a park. The fence had been torn down and carried away by boys in the neighborhood, and the square was open on all sides to the streets which surrounded it, and was used to some extent as a ball ground and as a place for cleaning carpets. A building on the square, which had formerly been a mansion house, had been changed to a schoolhouse. Near the entrance of a driveway that led to this building, and beyond the line of the public highway, was an ornamental iron gate with stone posts which was open only when the driveway was used in hauling coal and supplies to the building. There was no occasion to open the gate at other times as there was a passageway for pedestrians on either side of it, and as the whole square was open to the streets. Two of the bars at the top of the gate were eaten through by rust, and two of the lower ones were weakened from the same cause, so that the gate sagged when opened. It had been repaired by the use of wires which held the bars together and held the gate to the post to which the hinges were fastened. When the gate was closed, it was secure and safe, being supported by the hinges and wire at one end and by the latch at the other. A boy of ten years of age, who was not attending the school, came on the lot from the street and climbed on the gate. His added weight broke

or bent the lower bars and caused the gate to fall, and he was injured. On the proof of these facts a nonsuit was entered.

As the land was unfenced and in a measure thrown open to the public, it was the duty of the city to exercise ordinary care to keep it in a safe condition. Children attracted to it by curiosity, who because of inexperience and indiscretion might make an unusual use of objects on it, are not in so doing to be classed as trespassers. If an object was in itself dangerous, or might become dangerous if a child chanced to set it in motion while playing with it or by running against it, there was a duty on the city to take such precaution as was reasonable under the circumstances to prevent injury by it. On the other hand the city was not required to anticipate and guard against dangers which might result from the improper use of objects safe in themselves and for the use for which they are designed. There were many objects on this property which a childish impulse might make a source of danger. But if a child had climbed a tree that had a decayed limb, or an insecurely fastened water spout, or on the roof of a low building that would not sustain his weight, and been injured, we should not think of holding the city liable. The gate was apparently strong enough for the use to which it was put. It was secure if used properly, and there was no danger of its falling if touched or run against. It was unable to sustain an added weight of fifty or sixty pounds.

In principle this case resembles Oil City, etc., Bridge Co., v. Jackson, 114 Pa. 321, in which a boy seven years old in crossing a bridge walked outside of the ways provided for vehicles and pedestrians, upon a gas pipe ; in that case it was said : "It is not necessary to impute negligence to the child ; it is sufficient that he was injured not as the result of the use of the bridge, but as the consequence of his venturing in childish recklessness where no one, child or adult, has any business to be."

The judgment is affirmed.