## Ansell, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Pond enclosed in park—Attractive object—Infant—Nonsuit.*

1. A city is not liable for the death of a boy who climbs over a fence enclosing land owned by the city, and falls into a pond formed by water flowing from springs and other sources, into an abandoned quarry.

2. Such a pond, properly guarded from the roadway, cannot be placed in the same category with dangerous machines, electrical appliances and like things which may attract children.

Argued January 17, 1923. Appeal, No. 176, Jan T., 1923, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1920, No. 3394, refusing to take off nonsuit, in case of Pompey Ansell v. Philadelphia. Before MOSCH-ZISKER, C. J., WALLING, KEPHART, SADLER and SCHAF-FER, JJ. Affirmed.

Trespass for death of plaintiff's son. Before AUDEN-RIED, P. J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting it.

*Henry J. Scott,* with him *Harry E. Apeler* and *Eugene V. Alessandroni,* for appellant, cited: Barthold v. Phila., 154 Pa. 109; Weida v. Hanover Twp., 30 Pa. Superior Ct. 424; Duffy v. Iron Works, 210 Pa. 326; Schilling v. Abernethy, 112 Pa 437.

*J. M. Mitcheson,* Assistant City Solicitor, with him *Wm. M. Stewart, Jr.,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellee, cited: Gillespie v. McGowan, 100 Pa. 144; Thompson v. R. R., 218 Pa. 444.

PER CURIAM, February 12, 1923:

Plaintiff's son, when within one month of fourteen years of age, was drowned by falling into a pond of water, formed by the filling, from springs and other sources, of an abandoned quarry, on land of the city taken for park purposes. A used roadway, which ran the length of the body of water, was fenced off by a two-rail fence; but the boy crossed this barrier, and, when playing with his dog, met with the unfortunate accident which caused his death. The court below entered a nonsuit, which it subsequently refused to remove, and this appeal followed.

We are not convinced of error; a pond, artificial or otherwise, does not differ from lakes and streams found everywhere, all of which are attractive to children and present common dangers. The owner of premises containing something attractive to children is not always liable in damages because of injuries to one yielding to the attraction; it depends upon the character of the thing in question, and a pond of water, guarded from the roadway like the one under consideration, cannot properly be placed in the same category with dangerous machines, electrical appliances and similar things. We agree with the learned court below that, on the facts here presented, the city was not guilty of actionable negligence. The nonsuit was properly entered.

The order appealed from is affirmed.