Rines, Assignee, *v.* Witman (et al., Appellant).

Argued January 28, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Oliver .Lentz,* for appellant.—Evidence is competent to prove payment of a mortgage, in the hands of an assignee, though neither the record nor the assignment recites the fact of payment: Kinley v. Hill, 4 W. & S. 426.

That the debt appearing due on a mortgage may be disproved as against an assignee taking without declaration of no defense, is ruled in Ritter v. Thomasky, 70 Pa. Superior Ct. 615.

A trial court, in charging a jury, should not instruct the jury to ignore the positive statements of the only essential witness for defendants, and give binding instructions for plaintiff, because of conflicting statements by such essential witness: Danko v. Rys., 230 Pa. 295; Dinan v. Supreme Council, 210 Pa. 456; Kohler v. R. R., 135 Pa. 346; Ely v. Ry., 158 Pa. 233.

*William Abbott Witman, Jr.,* for appellee, cited: Evans v. Edelstein, 276 Pa. 516.

OPINION BY MR. JUSTICE WALLING, March 18, 1929:

This is a scire facias sur mortgage, to which the defense of payment was set up by the terre-tenant. On July 27, 1920, William Abbott Witman, Sr., gave Joseph Yetzer, a mortgage on land in Berks County to secure a debt of $7,000. Endorsements of record show payments thereon amounting to $3,200, and on November 5, 1923, Yetzer assigned the mortgage to John B. Stevens (now one of the judges of Berks County) and certified of record that $3,800 was unpaid thereon. By further assignments the mortgage passed to Frank J. Rines, the plaintiff. To the scire facias, Henry T. Schick, as terre-ten-

ant, filed an affidavit of defense averring, in substance, that prior to the assignment by means of diverse transactions the mortgagor had paid the mortgagee the entire mortgage debt, except $26.93. The only witness called at the trial whose testimony tended to support such averment was Joseph Yetzer, the payee, who was examined at length. Some parts of his testimony are to the effect that the $3,800 was unpaid as he certified; again, he stated $1,000 not endorsed on the record had been paid, and still again that the entire mortgage debt, save $463.80 had been paid. For example, he says: "Q. At the time you made the entries on the margin, had you given Witman credit for all the moneys you received on account of the mortgage up to date? A. Yes, sir. Q. Did you receive any money on account of the mortgage after the entries were made on the margin of the mortgage itself? A. No. Q. Then I assume that the entries were correct? A. Yes, sir. Q. Are they right or not right, the entries on the margin of the original mortgage, as satisfied by you? A. Yes, sir. Q. Do they show the exact amount that you had received from all sources which you credited to that mortgage at the dates set forth? A. Yes, sir."

He followed this by the statement that after the last credit on the mortgage record he received $1,000, then says that was paid from a year and a half to two years before the assignment to Judge STEVENS; whereas, the last credit on the record was only six months prior to the assignment. He also says the $1,000 was one of the first payments he received on the mortgage. From his entire testimony it would appear that the $1,000, if paid, was an early payment and probably embraced in the $2,000 credit on the record. We do not impute bad motives to the witness, but, as he says, it was a long time ago and his memory is faulty. We are familiar with the general rule that it is for the jury to reconcile conflicting statements in oral testimony, but that does not enable a party to meet the burden of proof by the hopelessly conflicting

testimony of a witness. He gives such a contradictory account of the alleged payments that any conclusion drawn therefrom would be a mere guess. This is not sufficient to support a verdict in favor of the party, here the terre-tenant, on whom rested the burden of proving payment. Speaking of such conflicting statements of a witness in Ely v. Ry., 158 Pa. 233, 238, Mr. Justice MITCHELL says: "Had the testimony referred to a subject as to which the burden of proof was on the plaintiff, the result might have been different, for the court is not entitled to submit evidence which will merely enable a jury to guess at a fact in favor of a party who is bound to prove it." In Natvig et ux. v. Phila. Rapid T. Co., 293 Pa. 355, 359, Mr. Justice KEPHART, delivering the opinion of the court, says: "The evidence must be of a quality entitling it to be presented to the jury. If it be so contradictory in the material parts as to which the plaintiff has the burden of proof so that any verdict given thereon would be a mere guess, the jury should not be permitted to consider it" (citing numerous authorities). To like import is the opinion of Mr. Justice SADLER, in Goater v. Klotz, 279 Pa. 392, 396, where he says: "But where the burden of proof is upon the plaintiff to establish certain facts before a recovery can be had, and his testimony, or that of his witnesses, on the question, is so contradictory as to present to the jury no basis for a finding, except a mere conjecture, a nonsuit is properly entered" (also citing authorities). The same rule is stated in Raftery, Admr., v. Pgh. & West Va. Ry., 284 Pa. 555, 558, in Zenzil v. D., L. & W. R. R. Co., 257 Pa. 473, and in other recent cases. The mortgagor, who, it is alleged, made such additional payments, was in court but not called as a witness.

Complaint is made of the trial judge's refusal to receive in evidence certain statements purporting to show various business transactions between the mortgagee and mortgagor, including, inter alia, this and other mortgages. In our opinion such exclusion was proper. They

were made after the assignment of the mortgage in question and on their face tend, as the trial court suggests, to show that the $3,800 was unpaid. Moreover, the evidence is that the accountant who prepared the statements admitted he was unable to verify them. It is also clear that the rights of the assignee of a mortgage cannot be prejudiced by admissions of the mortgagee made subsequent to the assignment or by settlements then made between him and the mortgagor.

The certificate of the amount unpaid on the mortgage is not impeached by the fact that Judge Stevens paid Yetzer a much less sum at the time of the assignment. From all that appears of record we are unable to say that the trial court erred in directing a verdict for plaintiff for the amount which the record shows was unpaid upon the mortgage. In view of the lack of proof, it is unnecessary to decide whether the mortgagee's testimony, if consistent, could be permitted to overthrow his record certificate as to the amount unpaid on the mortgage.

The judgment is affirmed.