Brown et al., Appellants, *v.* Scranton.

Argued April 11, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Wallace G. Moser,* for appellants.

PER CURIAM, December 8, 1933:

These appeals raise the same question decided in Paraska v. Scranton [the preceding case]. In this case, however, our examination of the record discloses no evidence of negligence on the part of defendant to submit to the jury. Here the accident occurred when an eleven-year-old girl fell and received injury in a public playground while in the act of climbing over a wire fence, separating two parts of the playground, to reach a drinking fountain. Safe access to the fountain was provided by another route slightly longer but well known to the children and within a short distance of the place of accident. The fence was firmly constructed and entirely sufficient for the purpose for which intended. We are of opinion the injury resulted, not from the failure of the municipality to provide a proper barrier, but from the child's act in "venturing in childish recklessness where no one, child or adult, had any business to be": Guilmartin v. Philadelphia, 201 Pa. 518, 520. See also Ansell v. Philadelphia, 276 Pa. 370, where we said: "The owner of premises containing something attractive to children is not always liable in damages because of injuries to one yielding to the attraction."

The judgment of the court below is affirmed.