Paraska et al., Appellants, *v.* Scranton.

Argued April 11, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

228

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellants.

*A. A. Vosburg,* City Solicitor, with him *A. S. Rosenberg,* Assistant City Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE FRAZER, December 8, 1933:

Plaintiffs sued in trespass to recover damages for injuries received by the minor plaintiff in a fall from a swing on a public playground maintained by the City of Scranton. The court below entered judgment for defendant upon an affidavit of defense raising questions of law. Plaintiffs appealed.

The statement of claim avers that the playground where the accident occurred was under the control and supervision of employees of defendant city and that the child, a girl eleven years old, was present there during one of the regular recreation periods. The swing consisted of a wooden seat, two and a half feet above the ground, suspended by two iron ropes from a horizontal pipe fifteen feet from the ground. It is asserted that the minor lost her grasp upon the ropes of the swing and was thrown to the ground, striking a stone with "sharp and jagged edges," which protruded from the surface approximately eight feet from the base of the swing and directly in its path when in motion. The child suffered serious and painful injuries to her knee. The alleged negligence was the failure of the supervisors of the playground or other servants of the city to keep the ground around the swing in a reasonably safe condition and free from dangerous objects upon which a child might fall. The lower court entered judgment for defendant on the theory that the maintenance of public playgrounds by a municipality is a governmental function, which, under the rule of law applicable to fire and police departments and the like, exempts the city from liability for the negligence of

its employees in pursuance of their duties. See Devers v. Scranton, 308 Pa. 13.

We find considerable difference of judicial opinion among the various states on the question of municipal liability for accidents occurring in public playgrounds, about half the jurisdictions holding to the view of immunity, and the other half allowing recovery on the ground of negligence or nuisance. Many of the cases on both sides are collected and discussed in notes in 29 A. L. R. 863 and 42 A. L. R. 263. Although prior to this time there has been no appellate court decision in this State involving accidents in public playgrounds, we are of opinion our previous decisions relating to public parks are controlling here. We have uniformly permitted recovery for negligent maintenance of parks in a long series of cases. See Glase v. Phila., 169 Pa. 488; Barthold v. Phila., 154 Pa. 109; Weber v. Harrisburg, 216 Pa. 117; Novak v. Ford City, 292 Pa. 537.

No sound distinction exists between public parks and public playgrounds and if recovery is permitted for municipal negligence in the former, it must also be allowed in the latter. With all due respect to jurisdictions in which the rule of nonliability is enforced, we believe that the opposite principle is more consonant with justice, as we are unwilling to establish a rule of law in this State which will put children in playgrounds at the mercy of dangerous conditions of which they are not aware and over which they have no control. Where a city undertakes to manage and supervise property, such as public parks and playgrounds, it must take care to keep that property in a reasonably safe condition for those invited to come upon it, and this is particularly true in the case of children in playgrounds. It is, of course, a question of fact whether negligence or contributory negligence exists in any particular case and the jury must determine those questions from the evidence.

The judgment of the court below is reversed and the record remitted with a procedendo.