## Wright et al., Appellants, *v.* Pennsylvania Railroad Company.

Argued January 16, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Thomas A. McNab,* for appellants.

*Philip Price,* of *Barnes, Biddle & Myers,* for appellee, was not heard.

PER CURIAM, March 19, 1934:

These two appeals concern the same set of facts and will be disposed of together. The minor plaintiff and his parents sued in trespass to recover damages for personal injuries sustained by the child in coming in proximity to a high voltage wire, furnishing electric current for the operation of defendant's trains on its main line at Narberth, Montgomery County. The jury rendered a verdict for plaintiffs, who are appellants here by reason of the action of the lower court in entering judgment for defendant non obstante veredicto.

The evidence discloses that the child was electrically shocked while climbing a latticed steel column which rests on a concrete base and supports the northern end of the bridge carrying Narberth Avenue across defendant's railroad tracks. The boy, who was twelve years old, was ascending the column to reach a pocketbook lying on a girder of the bridge, which he had observed as he was passing on the roadway. The electric wire which caused the shock was affixed to the under side of the bridge by a large insulator. It was 23½ inches from the steel column and sixteen feet six inches above the station platform. The column bore a warning sign containing the words, in large letters, "Danger, live wire, keep off." There was no evidence of any defect in the equipment.

Appellants contend that the space under the bridge and around the column in question had become a permissive playground, and that the ladder-like column was a nuisance, attractive to children and extremely dangerous because of its proximity to the high tension wires. Although there was evidence that boys played in the vicin-

ity from time to time, there was nothing to indicate that this practice had been acquiesced in by defendant. On the contrary, it was shown that the railroad had taken active measures to drive boys away whenever seen there by defendant's employees. Moreover, it does not appear that the injured child or other boys had previously attempted to climb this column or a similar one near by. We are of opinion defendant company could not be held to anticipate that children would attempt to climb a structure of the kind here involved. "It is not sufficient that the instrumentality or condition may be a source of danger to children but it must be of such a nature that danger to children is reasonably to be apprehended; and in the absence of circumstances indicating to the owner or person in charge a reasonable likelihood of danger, the doctrine of attractive nuisance does not apply": Colligen v. Phila. Electric Co., 301 Pa. 87, 92. Further, it should be noted in the case before us that, by the child's own testimony, he was not attracted by the column per se, but was attempting to reach a pocketbook lying on a girder of the bridge.

In the circumstances we see no evidence of negligence on the part of the railroad company. If the minor plaintiff came to grief in ascending the column referred to, it was "the consequence of his venturing in his childish recklessness, where no one, child or adult, had any business to be": Bridge Co. v. Jackson, 114 Pa. 321, 327. See also Guilmartin v. Phila., 201 Pa. 518; Brown v. Scranton, 313 Pa. 230; O'Gara v. Phila. Electric Co., 244 Pa. 156.

The judgment is affirmed as to both appeals.