Paraska et al. *v.* Scranton, Appellant.

Argued March 2, 1936.

2

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*John R. Edwards,* Associate City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellant.

*Walter L. Hill, Sr.,* of *O'Malley, Hill, Harris & Harris,* for appellees.

OPINION BY CUNNINGHAM, J., April 16, 1936:

Louise Paraska (eleven years of age and suing by her parents) and her parents, in their own right, brought an action of trespass against the City of Scranton to recover damages for injuries received by her in a fall from a swing, erected by the city in one of its public playgrounds. Upon the institution of the suit, the city filed an affidavit of defense raising questions of law; they were decided by the court below in its favor and the plaintiffs appealed to the Supreme Court. In an opinion by FRAZER, C. J., filed December 8, 1933, (313 Pa. 227, 169 A. 434) the judgment in favor of the city was reversed and the record remitted with a procedendo.

Plaintiffs averred in their statement of claim that

the defendant municipality owned, and, through its servants and employees, maintained, conducted, operated and supervised the playground in which it had constructed, among other amusement devices, the swing from which the minor plaintiff fell. Other material averments of the statement read:

"Said swing consisted of a wooden seat approximately two and one-half feet above the ground which was suspended by two iron ropes [chains] from a horizontal iron pipe which was about fifteen feet above the ground. ...... The City of Scranton suffered, allowed and permitted a large rock to project approximately four inches above the ground at a point approximately eight feet in front of the seat of said swing when stationary and directly in the path of said swing while in motion. Said rock had a surface plainly exposed to view and clearly visible above the ground about seven inches wide, eight inches long and four inches thick. Said rock was pointed and the edges sharp and jagged and constituted a manifest menace to the life, limb and safety of any children who might fall from said swing.

"About 2:30 o'clock P. M. on July 28, 1930, during the regular recreation and play hours of said playgrounds and while the playgrounds were under the supervision of the servants and employees of the defendant, the minor plaintiff, Louise Paraska, was seated on said swing holding on to said iron ropes with each hand while the same was being propelled and kept in motion by other children, the playmates of said minor plaintiff. While so swinging said minor plaintiff lost her hold upon said iron ropes and was hurled with great force from said moving swing and her left knee struck with great force the pointed, sharp and jagged rock protruding from said ground in the pathway of said swing as aforesaid."

As a result of the accident, she suffered serious and painful injuries to one of her knees. The negligence

averred was that the city had "suffered, permitted, and allowed said rock to be and exist in the place aforesaid and in the condition aforesaid, although said rock was at all times plainly to be seen and clearly visible to any person casually inspecting the swing" and the condition of the ground under it and in its path, and had, therefore, failed to keep the ground along the path of the swing "in a reasonably safe condition and free from dangerous objects upon which a child might fall."

The ground upon which the court below entered judgment in favor of the city, upon its affidavit of defense in lieu of a demurrer, was, "that the maintenance of public playgrounds by a municipality is a governmental function, which, under the rule of law applicable to fire and police departments and the like, exempts the city from liability for the negligence of its employees in pursuance of their duties." Devers v. Scranton, 308 Pa. 13, 161 A. 540, was cited in support of that conclusion.

In reversing this judgment, our Supreme Court, after pointing out that it had uniformly permitted recovery for the negligent maintenance of parks and after citing the applicable cases, said, "No sound distinction exists between public parks and public playgrounds and if recovery is permitted for municipal negligence in the former, it must also be allowed in the latter." It was further announced: "Where a city undertakes to manage and supervise property such as parks and playgrounds, it must take care to keep that property in a reasonably safe condition for those invited to come upon it, and this is particularly true of children in playgrounds."

Upon the return of the record to the court below, the case came on for trial upon its merits. The learned trial judge, LEWIS, J., refused the city's point for binding instructions and submitted to the jury the question of its negligence, instructing them, however, that there

was no evidence of expenditures by either parent on account of the injury to their daughter and that the only person entitled to recover, in the event of a finding against the city, was the minor, plaintiff.

A verdict was returned for Louise Paraska in the sum of $1,375. Motions for a new trial and for judgment n. o. v. were filed by the city; the former was withdrawn, and the court below, after argument, denied the latter; hence this appeal by the municipality.

Before considering the evidence, reference may be made to the recent case of Honaman et ux. v. City of Philadelphia, 121 Pa. Superior Ct. 262, 183 A. 446, as supplementing the general principles announced by the Supreme Court in this case. We there considered at length the extent of the liability of a municipality for injuries alleged to have been suffered through the negligence of its agents and servants, charged with the duty of maintaining and supervising its parks. In that case, a number of boys were engaged in a baseball game in an open portion of Fairmount Park and the plaintiff (while traversing a paved footwalk running within a few feet of the home plate) was struck and injured by a foul tip. The only negligence disclosed by the evidence was the failure of the park guards properly to police this portion of the park by requiring the players to conduct their ball game at a safe distance from the footwalk provided for pedestrians. The ball game was not in progress at that place by reason of any affirmative act or acts upon the part of the city officials charged with the maintenance and operation of the park. Unlike the golf course described in Erlain v. City of Pittsburgh, 73 P. L. J., 844, the city had not located a ball ground at this point. The boys were permitted to select their own location, but had been using this particular place for a long time and with the knowledge of the park guards. The injuries of the plaintiff were not attrib-

utable to any defect in the footwalk or in anything devised, constructed or established by the city.

As the only negligence shown upon the part of the city was its failure to perform its governmental duty to police the park in such a manner as to furnish reasonable protection to citizens from injurious acts of third parties, it was held there could be no recovery.

In that opinion, however, it was definitely stated that where the damages are attributable to defects in the construction or maintenance of roadways or footpaths, or in any structure or device affirmatively established by the representatives of the municipality for use by the public, a different rule applies. The decision of the Supreme Court in this case and such cases as Glase v. Phila., 169 Pa. 488, 32 A. 600, (negligent construction of a manhole at Fairmount Water Works) ; Ankenbrand v. Phila., 52 Pa. Superior Ct. 581, (a defective foot-walk) ; Weber v. Harrisburg, 216 Pa. 117, 64 A. 905, (a partly exposed cable across a footway), and Novak v. Ford City Borough, 292 Pa. 537, 141 A. 496, (electric wire improperly strung) were cited as illustrations of the class of cases in which municipalities have been held liable to persons injured in their parks.

It is quite clear, so far as the law of the present case is concerned, that it falls within the line of cases in which liability has been enforced against municipalities, upon proof of the negligence of their servants.

The evidence relating to the presence of the rock was conflicting and raised issues necessarily for the jury. An attentive reading of the record convinces us there was testimony sufficient, if believed, to support the verdict. We adopt the following excerpt from the opinion of the court below, supporting its denial of defendant's motion for judgment n. o. v. "From this testimony [of plaintiff and her brother and sister] the jury could infer that the stone was buried in the ground. There was exposed a portion of the stone

about twelve inches long and four inches high, with a jagged edge. The stone had been buried in the ground about five inches and people had walked over it, and its appearance was like the surrounding surface. The photograph and the other testimony permitted the jury to infer that it had been there for a long period of time, sufficiently long for the city to have constructive notice. Mack v. Pittsburgh Rys. Co., 247 Pa. 598-602, 93 A. 618."

A portion of appellant's brief is devoted to a suggestion that it was not bound to anticipate that a child might relax her grasp upon the chains and slip off the seat of the swing, as the minor plaintiff said she did. The question of any contributory negligence upon the part of the injured girl was eliminated from the case by consent of counsel. At the conclusion of the charge the trial judge asked, "How about the question of contributory negligence here?" Counsel for the plaintiff replied, "The child was only eleven years old" and appellant's counsel said, "That is not a matter for the jury. I do not believe the court could declare it to be a matter for the jury."

Upon a review of the entire record, we are of opinion that this case falls upon the liability side of the dividing line, and that the trial judge would not have been justified, under all the evidence, in affirming appellant's point for binding instructions. It follows that its subsequent motion for judgment n. o. v. was properly denied.

Judgment affirmed.