## McCallister et ux. *v.* Homestead Borough, Appellant.

Argued April 10, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*P. H. McGuire,* Borough Solicitor, for appellant.

*John F. Gloeckner,* with him *John R. O'Keefe,* for appellees.

OPINION BY MR. JUSTICE LINN, May 25, 1936:

Defendant has appealed from judgment on a verdict in favor of plaintiffs for the death of their child. The defendant, borough, at the foot of West Street, maintained a swimming place consisting of a raft or float 90 feet long extending into the Monongahela River and connected with the shore by a permanently affixed plank ten feet long. About six p. m., June 15, 1931, the plaintiffs' child, between four and five years of age, followed his older brother and some other children to the float. The child stayed on the float and the others got into a skiff temporarily tied to the float. The child pushed the skiff in and out and, while so engaged, shortly after six o'clock, fell into the river and was drowned. Plaintiffs allege that the borough negligently maintained the bathing place.

Section 2701 of the General Borough Code, May 4, 1927, P. L. 519, 53 PS section 14901, authorizes the borough to maintain and regulate swimming pools, public baths and bathing places.

The evidence shows that a riverman, who cared for the float during the winter, had turned it over to the borough life guard, Edwards, on June 1st. Edwards had repaired it for the swimming season and boys had been swimming there while he was engaged at that work. During the

swimming season Edwards's hours of duty were from 10 to 12 in the morning, and from 2 to 5 and from 7 to 8 in the afternoon and evening; as the accident occurred during his off-hour, he was not there when it happened.

Plaintiffs rely on the rule recently applied in *Paraska v. Scranton,* 313 Pa. 227, 229, 169 A. 434, that "Where a city undertakes to manage and supervise property, such as public parks and playgrounds, it must take care to keep that property in a reasonably safe condition for those invited to come upon it, and this is particularly true in the case of children in playgrounds." See also *Barthold v. Phila.,* 154 Pa. 109, 26 A. 304; *Novak v. Borough of Ford City,* 292 Pa. 537, 141 A. 496. But the evidence does not support a finding that the borough failed in performing that duty. The borough is not an insurer. A duty must appear before responsibility attaches. The children were invited to swim, but only during the hours when the guard was in attendance. The burden of proof was on plaintiffs and the evidence does not support a finding of an implied invitation to use the float when the guard was not present; we need therefore not consider what the measure of care would be in such case. There is not sufficient evidence of notice of the use of the float by small children when the guard was not in attendance; an occasional instance does not impose general liability: *Fitzpatrick v. Penfield,* 267 Pa. 564, 572, 109 A. 653; *Rahe v. Fidelity-Phila. Trust Co.,* 318 Pa. 376, 379, 178 A. 467; *Dornick v. Wierton Coal Co.,* 109 Pa. Superior Ct. 400, 403, 167 A. 617. The probability of harm was not so obvious as to render defendant responsible for failure to anticipate it; see generally *Klein v. Phila.,* 223 Pa. 507, 72 A. 845; *LeGrand v. Traction Co.,* 10 Pa. Superior Ct. 12; *Ansell v. Phila.,* 276 Pa. 370, 120 A. 277; *Dornick v. Wierton Coal Co.,* 109 Pa. Superior Ct. 400, 167 A. 617, supra.

The judgment is reversed and is here entered for defendant.