## Dolena et ux., Appellants, *v.* Pittsburgh Terminal Coal Company.

Argued October 6, 1936. Before Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Elverton H. Wicks,* for appellants.

*James J. Burns, Jr.,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

This appeal is by the plaintiffs from the refusal of the court below to take off a nonsuit in an action of trespass brought to recover damages for the death of their seven-year-old son, who was drowned in a water tank belonging to defendant and located upon the mining property operated by it.

The tank was twenty feet high and about the same distance in diameter. The water stored in it was used by defendant in its mining operations. The tank was located near the tipple.

It was shown that boys living in the neighborhood had been swimming in the water contained in the tank for several years, despite attempts of defendant to stop them. To reach the water they climbed up the sides of the tank on the iron bands which surrounded and held it together. No one saw the dead boy thus enter the tank; his body was found in the water.

We are in agreement with the learned judge, who specially presided at the trial, that there can be no recovery in the situation here presented. The defendant had the right to maintain the tank on its property and could not

be required to anticipate that a lad of seven years who could not swim would climb up and fall into it. We think it would not even be contended that had the boy climbed the tank and fallen from it to the ground, defendant would be liable. It cannot be said that the tank comes under the much distorted term, "attractive nuisance."

It is clear that a property owner is not liable in damages where an infant trespasser meets his death on or about a structure such as this: *Gillespie v. McGowan*, 100 Pa. 144 (well) ; *Guilmartin v. Phila.*, 201 Pa. 518, 51 A. 312 (iron gate) ; *Nichol v. Bell Telephone Co.*, 266 Pa. 463, 109 A. 649 (wire along fence) ; *Ansell v. Phila.*, 276 Pa. 370, 120 A. 277 (pool of water) ; *Wright v. Penna. R. R. Co.*, 314 Pa. 222, 171 A. 593 (latticed steel column) ; *Dornick v. Wierton Coal Co.*, 109 Pa. Superior Ct. 400, 167 A. 617 (reservoir).

Here, as in *Guilmartin v. Philadelphia*, supra, the death of the boy was brought about, not by a breach of defendant's legal duty, but by his "venturing in childish recklessness where no one, child or adult, had any business to be."

The judgment is affirmed.