## Zuliskey *v.* Prudential Insurance Company, Appellant.

Argued April 15, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

364

*John L. Miller,* with him *John H. Scott, Duff, Scott & Smith, Carroll Caruthers,* and *Thomas G. Taylor,* for appellant.

*Henry E. Shaw,* with him *Scales, Loughran & Shaw,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

Defendant appeals from the refusal of the court below to enter judgment n. o. v. upon a verdict for the plaintiff, in this action of assumpsit brought on two insurance policies to recover for the alleged accidental death of Rose Zuliskey, the insured. The amounts sought were payable if "the death . . . occurred as a result, directly and independently of all other causes, of bodily injuries effected solely through external, violent and accidental means. . . ."

The only testimony of the accident was that of one Hall. Rose Zuliskey and Hall had known each other for some ten months. Both worked for the Pennsylvania Railroad Company at Greensburg. Upon the afternoon of May 10, 1944, they decided not to work, and they drove around in his car, a two-door coupe, the doors being hinged at the rear. A door could be opened by pressing down the handle. A part of the evening was spent at the home of Hall's father some nine miles east of Blairsville. At about midnight they started toward Blairsville with Hall driving. They stopped at a gasoline station and then proceeded about 300 feet, travelling about twenty-five miles per hour, when, as Hall testified for the plaintiff: "She said she was going to get out. . . ." . . . "She said something about getting out or jumping out." . . . "She had made the same statement before in front of other people [that] she would jump out of my

car and I never thought anything of it." . . . "She said [just before the accident] she was getting out; she [so] did before anything I could do was too late. I never thought anything about it until it happened. It all happened in a flash." Q. "She would jump out?" A. "Yes; I said she got out of the car." As a result of getting out or jumping out of the moving vehicle the insured fractured her skull and died therefrom.

The foregoing testimony seems accepted by both parties, and if this were all there could be no recovery, because the insured purposely jumped from the moving vehicle. That she did not intend to die may be true, but that the injuries were greater than she had anticipated would not constitute an accident. "If, in the act which precedes the injury, something unforeseen, unexpected, unusual occurs which produces the injury, then the injury has resulted through accidental means": *Urian v. Equitable Life Assurance Society,* 310 Pa. 342, 165 A. 388, citing *U. S. Mut. Acc. Assn. v. Barry,* 131 U.S. 100. The only unexpected thing was the severity of her injuries.

Hall also testified: "We were going around the slight turn. She said she was going to get out and she did." . . . Q. "Did you see the door go open?" A. "No; it happened too quick." Q. "You say she got out, what do you mean by that?" A. "The door came open. That is all there was to it. The air hit the door probably and the door—she had a hold of the door handle, gave her a jerk more or less." Q. "She had a hold of the door handle, the air pulled the door back and jerked her out?" A. "Gave her a pull after she was holding the door." Q. ". . . you stated Rose Zuliskey jumped out, what do you mean by that?" A. "Well, all I know, sir, she may have; she said something about getting out or jumping out; she had her hand on the handle and the air hit the door probably jerked her off balance on the right side, going around the right hand turn—she might be off balance—that air hitting the door just gave her a jerk."

The witness did not say he saw her hand on the door handle, or that he saw the door caught by the air stream, or that he saw this jerk or pull her; or saw her jerked off balance or pulled out. He had stated that *probably* the door gave her a jerk. The witness should have been required to state definitely what he *saw*, in contradistinction to what he concluded. Because the plaintiff did not thus interrogate him, it is now claimed that the witness meant that he did see these things. He never so stated. This testimony is not only conflicting as to the facts, as in *Rines, Assignee, v. Witman,* 296 Pa. 181, 184, 145 A. 808, and the cases cited therein, but is ambiguous as to the meaning of the witness, to wit, whether he saw or whether he conjectured.

While as to contributory negligence the jury may reconcile inconsistent testimony of a witness, this is not true where all the testimony is of one witness and relates to an issue where the burden of proof is upon the person calling the witness: *Musleva v. Patton Clay Manufacturing Company,* 338 Pa. 249, 254, 12 A. 2d 554; *Rines, Assignee, v. Witman,* 296 Pa. 181, 184, 145 A. 808; *Goater v. Klotz,* 279 Pa. 392, 124 A. 83; *Lemak v. City of Pittsburgh,* 147 Pa. Superior Ct. 62, 65, 23 A. 2d 354. Because of this rule defendant asks for judgment n. o. v.

But even if we accept the appellee's contention that Hall testified to facts and not conclusions, we have this situation: Rose Zuliskey stated she was going to jump out of the automobile, while it was travelling twenty-five miles per hour in the nighttime. She immediately did get out of the car and this happened so quickly after her assertion that Hall (the only witness) could not see the door open. Thus to leave the car she had to press down the door handle and push the door outward. The burden was on the plaintiff to show that the door opened by chance or fortuitously: *Walters v. Federal Life Insurance Company,* 320 Pa. 588, 184 A. 25.

Therefore the fact that the door was caught by the air stream which resulted in a jerk to her body, is but

consistent with her avowed purpose to leave the car, and was but the natural and probable result of her getting out which required her to open the door. The indispensable fact that the plaintiff had to show was that she did not intentionally open the door for her avowed purpose of jumping out of the car. Of this there is not a scintilla of evidence.

Judgment reversed and now entered for defendant.