## HEALEY v. CITY OF WILKES-BARRE, LUZERNE COUNTY, PA.

Civ. A. No. 3313.

United States District Court,
M. D. Pennsylvania.

March 8, 1949.

Arthur A. Maguire and Frank McGuigan, both of Wilkes-Barre, Pa., for plaintiff.

Thomas Byron Miller and Howard E. Kennedy, both of Wilkes-Barre, Pa., for defendant.

MURPHY, District Judge.

Plaintiff, a citizen of New Jersey, seeks to recover damages for the death of his son who was drowned in the defendant's swimming pool. Defendant is a municipal corporation in Pennsylvania.

Defendant city moves to dismiss plaintiff's action which charges it with negligence in the maintenance, management and supervision of a swimming pool in its public park.

Defendant contends that it was acting in the performance of a governmental function and not in a proprietary or business capacity. Plaintiff's position is that in maintaining a municipal swimming pool defendant must exercise reasonable care and that as to the management and supervision of same the doctrine of respondeat superior applies.

Federal jurisdiction is based on diversity of citizenship; the operative facts occurred in this district; the substantive law of Pennsylvania therefore controls. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

While there is considerable difference of judicial opinion among the various states on the question of municipal liability for accidents occurring in public parks and playgrounds (29 A.L.R. 863; 42 A.L.R. 263; 99 A.L.R. 687; 142 A.L.R. 1340, at pages 1342 and 1350) the law of Pennsylvania is in accord with the cases which hold the municipal corporation liable.

Public places where children play should be safeguarded against that which is likely to harm them. Novak v. Ford City Borough, 292 Pa. 537, 141 A. 496.

" * * * the maintenance of a public park is regarded as performance of a proprietary and not a governmental duty, with the result that municipalities become liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons. Honaman v. Philadelphia, 322 Pa. 535, 539, 185 A. 750; Stevens v. Pittsburgh, 129 Pa.Super. 5, 11, 194 A. 563, affirmed 329 Pa. 496, 198 A. 655." Miller v. Philadelphia, 1942, 345 Pa. 1, at page 8, 25 A.2d 185, at page 189; and see Lemak v.

Pittsburgh, 147 Pa.Super. 62, at page 64, 23 A.2d 354.

In Paraska v. Scranton, 313 Pa. 227, at page 229, 169 A. 434, 435, the Supreme Court of Pennsylvania stated, "Although prior to this time there has been no appellate court decision in this state involving accidents in public playgrounds, we are of opinion our previous decisions relating to public parks are controlling here. We have uniformly permitted recovery for negligent maintenance of parks in a long series of cases. * * * No sound distinction exists between public parks and public playgrounds, and, if recovery is permitted for municipal negligence in the former, it must also be allowed in the latter. With all due respect to jurisdictions in which the rule of nonliability is enforced, we believe that the opposite principle is more consonant with justice, as we are unwilling to establish a rule of law in this state which will put children in playgrounds at the mercy of dangerous conditions of which they are not aware and over which they have no control. Where a city undertakes to manage and supervise property, such as public parks and playgrounds, it must take care to keep that property in a reasonably safe condition for those invited to come upon it, and this is particularly true in the case of children in playgrounds."

As to the legal principles applicable there is apparently no distinction between a public park and a public playground. See City of New Castle v. Lawrence County, 353 Pa. 175, at page 179, 44 A.2d 589.

As to the measure of care, see Styer v. Reading, 360 Pa. 212, at page 215, 61 A.2d 382; Bonczek v. Philadelphia, 338 Pa. 484, at page 486, 13 A.2d 414.

Although the facts did not support recovery the principle as to liability of a municipal corporation was recognized in McCallister v. Homestead Borough, 322 Pa. 341, 185 A. 583 (maintaining a swimming place along a river); similarly in Barthold v. Philadelphia, 154 Pa. 109, 26 A. 304, where a boy was drowned in a pool or well upon ground acquired by the city, the question of whether the city used proper care in leaving the pool open to the access of children in the public grounds was held to be one for the jury. And see Altenbach v. Lehigh Valley R. Co., 349 Pa. 272, at page 274, 37 A.2d 429 (a reservoir was considered to be a playground).

As to the acts of the servants of the municipality in carrying out its proprietary or business functions, the doctrine of respondeat superior applies. Hartness v. Allegheny County, 349 Pa. 248, 249, 37 A.2d 18; Paraska v. Scranton, supra, 313 Pa. at page 228, 169 A. 434; Honaman v. Philadelphia, supra, 322 Pa. at page 539, 185 A. 750; Stevens v. Pittsburgh, 129 Pa.Super. 5, at page 19, 194 A. 563, affirmed in 329 Pa. 496, 198 A. 655. See Stevens v. Pittsburgh, supra, 129 Pa.Super. at page 19, 194 A. at page 569, "The breach of duty here was not the failure of the city as a subdivision of the state properly to police, as in the street cases, but rather a failure in its proprietary capacity as a landowner to abate a dangerous condition existing upon its property of which it had notice. That the only way to abate the nuisance might incidentally be through the use of its police officers or other employees does not make the breach of duty essentially a failure to exercise a governmental function."

"It is, of course, a question of fact whether negligence or contributory negligence exists in any particular case, and the jury must determine those questions from the evidence." Paraska v. Scranton, supra, 313 Pa. at page 229, 169 A. at page 435.

In the light of the foregoing, the defendant's motion to dismiss will be denied.