# Weber *v.* Harrisburg, Appellant.

*Negligence—Municipalities—Pathway in park—Landing place for boats.*

A municipality is bound to see that a pathway through land used as a public park is kept in reasonably safe condition for pedestrians.

The fact that the path skirts the bank of a river, where boats are moored, does not justify or excuse the city in permitting a dangerous obstruction to remain across the footway.

Argued May 22, 1906.    Appeal, No. 1, May T., 1906, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1904, No. 240, on verdict for plaintiff in case of William F. Weber v. City of Harrisburg. Before MITCHELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KUNKEL, J.

At the trial it appeared that on March 10, 1904, in the morning, plaintiff was injured by falling over an iron cable stretched across a path along the river front in the city of Harrisburg. The cable was partly buried in the path. The evidence showed that the locality in question had long been used as a public park under the control of the city and also as a public landing place. The cable in question had been stretched across the path by boatmen to secure boats in the river. Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was refusal to give binding instructions for defendant.

*Daniel S. Seitz*, city solicitor, for appellant.—The city was not liable: Mattimore v. Erie City, 144 Pa. 14; Guinter v. Williamsport, 208 Pa. 587; Martin v. Williamsport, 208 Pa. 590.

*John E. Fox*, with him *John R. Geyer*, for appellee.—The appellant is chargeable with negligence: McLaughlin v. City of Corry, 77 Pa. 109; Gschwend v. Millvale Borough, 159 Pa. 257; Chilton v. Carbondale, 160 Pa. 463; Wyman v. Philadelphia, 175 Pa. 117; Miller v. City of Bradford, 186 Pa. 164.

OPINION BY MR. JUSTICE POTTER, June 27, 1906:

The appellant here complains, not of the manner in which this case was submitted to the jury, but only of the fact that binding instructions in favor of the defendant were refused by the court below. In support of the proposition that no case entitling him to recover was made out for the plaintiff, it is urged that all the land along the river front in the vicinity where the accident occurred had been dedicated for use as a street and a landing place for boats, and that therefore the right of navigators to the use of the ground as a mooring place for vessels was at least equal to, if not paramount to the right of the public in the street as a highway. It may be true that the navigators have rights in the premises, but even if so, it is conceded that the spot in question has been used for years as a public park, and that it is traversed by a public path.

Under the charge of the court below to the jury, the verdict must be accepted as establishing the fact that the city of Harrisburg had assumed control and management of this place where the accident occurred. Being then in control, it was manifestly the duty of the city to see that the pathway was kept in a safe condition for the use of the public. The evidence upon the part of plaintiff was to the effect that a cable was stretched across the pathway in order to make fast to a tree some boats which were lying in the river, and that this cable constituted a dangerous obstruction to those who had occasion to use the path. All the more dangerous, because of its being partly buried beneath the surface for something like half the width of the pathway. There was some conflict in the testimony as to the exact location of the cable, and as to the

degree of care exercised in covering it, and allowing it to remain in the position in which it was at the time of the accident to the plaintiff; but all these matters, which were in dispute, were for the determination of the jury. We can see nothing inconsistent in an attempt to retain for the benefit of the navigators a proper use of the river bank for landing purposes, while at the same time provision was made for the use of the property by the public as a park or pleasure ground. In any event the city would be under the duty of seeing that the place was not dangerous to the public. Even if used as a wharf, or landing place, this responsibility would remain. Obviously, the better and safer way of affording facilities for mooring vessels to the bank, whenever the occasion arose, would be by means of posts or rings situated below the footway, or between it and the water line of the river. Certainly the plan which the boatmen were permitted to pursue, of placing a cable directly across the pathway, and leaving it partly exposed and liable to trip the passer-by, was one which the jury was justified in finding was negligent. There was also evidence of actual notice to the city, or its representative, of the existence of this threatening danger. The questions of the negligence of the defendant and of the contributory negligence of the plaintiff were submitted to the jury under careful instructions, in a charge to which no exception whatever has been taken.

The judgment is affirmed.