## Barto v. McKeesport.

R. A. Hitchens, for plaintiff.

Harry M. Jones, City Solicitor, for defendant.

MACFARLANE, J., Jan. 8, 1929.—The affidavit of defense raises the question of law that the statement does not show a legal cause of action.

It is that the defendant maintained a playground or swimming pool in the city, located near the river, made of concrete, deep in places, and at one end nearest the river the water was drained at different times from the pool into the river through a large pipe in which there was a valve not covered or screened. That the city maintained guards for the protection of children and others swimming in the pool. On Aug. 2, 1928, the plaintiff's minor son was swimming in the pool when the guards of the city, without any warning, opened the valves and were draining the pool, the boy dove into the pool and was sucked into the pipe and drowned.

The position of counsel for the defendant is that it is not liable, for the reason that in locating and maintaining the public swimming pool it was performing a public or governmental function.

The Act of July 8, 1919, P. L. 784 (Third Class City Law, § 892, page 525), places swimming pools in the same class as playgrounds, playfields, gymnasiums and public baths. The liability of a municipality for negligence in its public parks is settled: Barthold v. Philadelphia, 154 Pa. 109; Ankenbrand v. Philadelphia, 52 Pa. Superior Ct. 581; Novak v. Ford City Borough, 292 Pa.

537; Glase v. Philadelphia, 169 Pa. 488 (a man-hole on the roof of the water-works), and Weber v. Harrisburg, 216 Pa. 117 (a cable across a path in a park). We permitted a recovery against the city for injury caused by a decayed grandstand in a park: Daum v. Pittsburgh, 65 Pitts. L. J. 547. In Mullen v. Pittsburgh, No. 1083, January Term, 1920, a girl was drowned in a sand hole in the river outside of the place set aside by the city for bathing purposes. The authority of the city under the Act of March 7, 1901, art. XIX, § 3, cl. 23, P. L. 42, was: "To regulate the time and place of bathing in the rivers and other public waters in and adjoining said city." It was held in an opinion by Judge Reid that this was a governmental function. The controlling ground was that the cause of the drowning was outside the limits.

The power of Pittsburgh was merely to regulate the place. McKeesport built a pool which was made dangerous by the act of its employee. We see no difference between a permanent water-hole in the Barthold case, the live electric wire in the Novak case and the suddenly created trap in the case before us.

Judge Reid said of cases holding cities liable: "They rest upon the principle that the municipality was responsible for failure to keep park structures, amusement appliances or public walks or ways in parks or city streets in a reasonably safe condition, and, therefore, they are in accord with the general obligation to maintain such places in such a way as not to imperil the public which is invited to make use of them."

Jan. 8, 1929, the question of law raised by defendant is overruled, with leave to file affidavit of defense.                     From William J. Aiken, Pittsburgh, Pa.