Chief Judge Desmond.
This is a negligence action brought by a mother on behalf of her three-year-old child against the father for negligently causing personal injuries to the child. The father, it is alleged, left the family car unlocked in a parking lot and the child released the brakes and was hurt when he tried to jump from the vehicle. There is no charge of misconduct which could be considered wanton or willful (see Siembab v. Siembab, 284 App. Div. 652). The complaint has been dismissed for insufficiency. We must affirm the dismissal unless we are to change the settled New York rule that an unemancipated minor child has no right of action against his parent for nonwillful injuries (Sorrentino v. Sorrentino, 248 N. Y. 626; Cannon v. Cannon, 287 N. Y. 425).
There is no decision in any American or English appellate court sustaining such a cause of action as is here alleged. The writers who attack the no-liability rule misunderstand its basis *474 and purpose. It is a direct application of a concept that cannot be rejected without changing the whole fabric of our society, a fundamental idea that is at the bottom of all community life. The basic principle is that children and parents form a unique kind of social unit different from all other groups.
The courts have already provided different treatment for situations where the injury occurs outside the normal familial relationship such as where the injury is wanton and intentional or where the tort is committed in the course of the parent’s business. Perhaps some other special provision should be made for cases where disability extends beyond infancy, but it would be a great oversimplification to attempt to deal with those instances by a simple reversal of the settled rule. Inquiry and planning for any such protection is beyond the competence of a court and belongs with the Legislature.
The statutory compulsion on all New York automobile owners to carry insurance against liability is hardly a sufficient ground for destroying our concept of the family unit. When New York State in 1937 changed the old rule of nonliability of a husband to a wife (or a wife to a husband) for personal injuries, it was done in the form of statutes (Domestic Eelations Law, § 57; Insurance Law, § 167, subd. 3) which created a cause of action for the injured spouse but at the same time provided that automobile liability insurance policies would not cover such a liability unless express provision therefor was written into the policy. We are informed that no insurance company writes such “ spouse coverage ”.
Automobile liability insurance premiums, like all other insur'ance premiums, are based on recent experience and, since there is no loss experience as to injuries to a child caused by its parent’s negligence, the current rates do not contemplate such indemnity. Thus it is incorrect to say that the existence of automobile liability insurance provides a fund available for the payment of such a claim as is sought to be enforced in this suit.
The judgment should be affirmed, without costs.