Flisek et al., Appellants, *v.* Star Fireworks, Inc.

Argued September 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Benjamin Kuby,* with him *Jerold Allen, Charles Blasband,* and *Klovsky, Kuby and Harris,* for appellants.

*Andrew L. Braunfeld,* with him *Waters, Fleer, Cooper & Gallager,* for appellee.

OPINION PER CURIAM, December 13, 1971:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from the order of the lower court sustaining appellee's preliminary objections to the complaint on the grounds that appellee Borough of Bridgeport was engaged in a governmental function and was therefore immune from liability in tort.

On July 14, 1968, the minor-appellant suffered severe injury when his right hand was blown off while he was playing with an aerial bomb firecracker which

he found in the Bridgeport Memorial Park. The park is allegedly "owned and controlled by the Bridgeport Community Fund, Inc., or in the alternative, was controlled by the Upper Merion School District." Appellant claims that the aerial bomb which injured him belonged to defendant Frank Stalone, who acted for Star Fireworks, Inc., and The Lady of Mt. Carmel Roman Catholic Church. Mr. Stalone set off fireworks in the park in connection with a "Feast Day Celebration" run by the church.

Appellant's complaint charges the municipality with negligence in failing to provide proper police protection for this event, and failing to enforce an ordinance forbidding the use of fireworks within the Borough limits. The court below dismissed the complaint on the ground that under Pennsylvania law governmental entities are not liable in tort for the negligent acts of their servants in the performance of governmental rather than proprietary functions.[1] Appellant argues, however, that

---

[1] In *Dillon v. York City School District*, 422 Pa. 103, 220 A. 2d 896 (1966), and *Graysneck v. Heard*, 422 Pa. 111, 220 A. 2d 893 (1966), our Supreme Court declined to overrule the judicially initiated governmental immunity doctrine. The basis for the Court's decision was its belief that any change in the doctrine should be made by the legislature rather than the courts.

It should be noted, however, that our Supreme Court, on October 12, 1971, abolished the doctrine of parental immunity in an unanimous decision. *Falco v. Pados*, 444 Pa. 372, 282 A. 2d 351 (1971). It had been argued that parental immunity, also a judicially initiated doctrine, should be subject to legislative rather than judicial correction. Justice EAGEN answered that argument: "It will be argued that such a change in the law as we enunciate today should be left to the legislature. Judge FULD, Chief Judge of the New York Court of Appeals, adequately answered this contention in Badigan v. Badigan, 9 N.Y. 2d 472, 174 N.E. 2d 718 (1961), when he said at 724: '. . . it is urged, that, if there is a remedy it must be given by the Legislature, if there is to be a change, it may not be effected by the courts. This court has heard such arguments before and has answered them by saying that, where the rule is

the Borough's failure to provide adequate police supervision of activities in a park open to the public is not a governmental function, and that, therefore, the lower court should not have dismissed the complaint.

In *Hill v. Allentown Housing Authority*, 373 Pa. 92, 95 A. 2d 519 (1953), Mr. Chief Justice Horace STERN reviewed Pennsylvania law as to the scope of the governmental immunity doctrine: "In Honaman v. Philadelphia, 322 Pa. 535, 185 A. 750, it was held that in maintaining parks and playgrounds a city acts in its proprietary capacity and is therefore liable for failure to exercise reasonable care; there was cited with approval the statement from 2 Dillon, Mun. Corp., 3d ed., §985, that '. . . municipal corporations, are liable, for the improper management and use of their property, to the same extent and in the same manner as private corporations and natural persons.'

"In Weber v. Harrisburg, 216 Pa. 117, 64 A. 905, in Novak v. Ford City Borough, 292 Pa. 537, 141 A.

court made, it may be court modified if reason and a right sense of justice recommend it (citations omitted).' So too, in recent years this Court has had the fortitude and wisdom to effectuate changes in the law where 'reason and a right sense of justice' recommend it. For example, see Flagiello case, 417 Pa. 486, 208 A. 2d 193 (1965) ; Griffith case, 416 Pa. 1, 203 A. 2d 796 (1964) ; Smalich v. Westfall, 440 Pa. 409, 269 A. 2d 476 (1970) ; Reitmeyer v. Sprecher, 431 Pa. 284, 243 A. 2d 395 (1968) ; and Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970). [Footnotes omitted]

"Cries will also be heard about our failure to adhere to the principle of 'stare decisis.'

"What was said in this regard by the Honorable Robert von MOSCHZISKER, who once served with distinction as a Justice, and then Chief Justice of this Court is pointedly pertinent. 'But if, . . . a prior judicial decision seems wrong in principle or manifestly out of accord with modern conditions of life, it should not be followed as a controlling precedent, where departure therefrom can be made without unduly affecting contract rights or other interests calling for consideration.' von MOSCHZISKER, Stare Decisis, Res Judicata and other Selected Essays (1929)."

496, in Paraska v. Scranton, 313 Pa. 227, 169 A. 434, in Bonczek v. Philadelphia, 338 Pa. 484, 13 A. 2d 414, and in Styer v. Reading, 360 Pa. 212, 61 A. 2d 382, it was held that where a city undertakes to manage and supervise property, such, for example, as a public park, it must exercise reasonable care to keep the property in reasonably safe condition for those who lawfully come upon it, *including the policing of it sufficiently to protect children from dangers in connection with their entrance and play thereon."* Hill v. Allentown Housing Authority, supra at 97 (emphasis added).

Applying this standard to the instant case it is clear that the lower court improperly dismissed appellant's complaint insofar as appellant was urging that the municipality should be liable for the precise type of negligence which Mr. Chief Justice STERN held a municipality may not avoid.[2]

Therefore, I would reverse the order of the lower court dismissing appellant's complaint and remand with a procedendo.[3]

---

[2] Appellee's argument that its nonownership of the park immunizes it from liability is spurious. The language in *Hill v. Allentown Housing Authority*, supra, indicates quite clearly that the liability of a municipality does not turn on the niceties of title, but instead turns on whether the municipality had assumed the duty to supervise and police activities taking place within the park.

[3] I do not reach appellant's other contentions that (1) the negligence of the appellee constituted a public nuisance, and such negligence has not been granted immunity, and (2) the doctrine of governmental immunity should be abolished.

It should be noted, however, that the inequities of governmental immunity are well known, and many states have abandoned it, particularly in recent years. The doctrine of governmental immunity "is no longer able to claim the allegiance of those who have given serious consideration to the problem." *Dillon v. York City School District*, 422 Pa. 103, 109, 220 A. 2d 896, 899 (Dissenting opinion by Mr. Justice ROBERTS, 1966, and authority cited therein).

The following states have now abolished the doctrine: Arizona, *Stone v. Arizona Highway Commission*, 93 Ariz. 384, 381 P. 2d 107

Spaulding and Cercone, JJ., join in this dissent.

(1963) ; California, *Muskopf v. Corning Hospital District,* 55 C. 2d 211, 11 Cal. Reporter 89, 359 P. 2d 457 (1961) ; Florida, *Hargrove v. Town of Cocoa Beach,* 96 So. 2d 130 (Fla. 1957) ; Illinois, *Molitor v. Kancland Community Unit District No. 32,* 18 Ill. 2d 11, 163 N.E. 2d 89 (1959) ; Indiana, *Brinkman v. City of Indianapolis,* 141 Ind. App. 662, 231 N.E. 2d 169 (1967) ; Kansas, *Carroll v. Kittle,* 203 Kan. 841, 457 P. 2d 21 (1969) ; Kentucky, *Hancy v. City of Lexington,* 386 S.W. 2d 738 (Ky. 1964) ; Michigan, *Williams v. City of Detroit,* 364 Mich. 231, 111 N.W. 2d 1 (1961) ; Minnesota, *Spanel v. Mounds View School District,* 264 Minn. 279, 118 N.W. 2d 795 (1962) ; Nebraska, *Brown v. City of Omaha,* 183 Neb. 430, 160 N.W. 2d 805 (1968) ; Nevada, *Rice v. Clark County,* 79 Nev. 253, 382 P. 2d 605 (1963) ; New Jersey, *McAndrew v. Mularchuk,* 33 N.J. 172, 162 A. 2d 820 (1960) ; Ohio, *Krause v. Ohio,* 28 Ohio App. 2d 1, 274 N.E. 2d 321 (1971) ; Rhode Island, *Becker v. Beaudoin,* 261 A. 2d 896 (1970) ; Wisconsin, *Holytz v. City of Milwaukee,* 17 Wis. 2d 26, 115 N.W. 2d 618 (1962) ; Arkansas, *Parish v. Pitts,* 244 Ark. 1239, 429 S.W. 2d 45 (1968) ; Idaho, *Smith v. State,* 93 Idaho 795, 473 P. 2d 937 (1970) ; Colorado, *Proffitt v. State of Colorado,* 482 P. 2d 965 (Colo. 1971), *Flournoy v. School District,* 482 P. 2d 966 (Colo. **1971),** and *Evans v. Board of County Commissioners of County of El Paso,* 482 P. 2d 968 (Colo. 1971).

In *Krause v. Ohio,* supra, the most recent case considering the question of governmental immunity, the Ohio Court of Appeals held that the doctrine was violative of the Equal Protection Clause of the fourteenth amendment: "The operation of the doctrine of sovereign immunity results in different consequences for injured persons in at least two ways. Persons victimized by private tortfeasors may be compensated for their damages. But so long as sovereign immunity is extant persons suffering damage through comparable fault on the part of the state may not recover unless the tortious action happens to be one within a specific exception to the immunity rule. Assuming a case within a specific exception, then two classes of persons injured by the state develop—those hurt in the course of the excepted activity and those not. Such circumstances raise the question whether such differences as those described mount arbitrary and unreasonable distinctions incompatible with the constitutional standard established by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States." *Krause v. Ohio,* supra at 2196.