Dissenting Opinion by
Hoeeman, J.:
TMs is an appeal from the order of the court below sustaining appellees’ preliminary objections to the amended complaint. The lower court sustained the preliminary objections because it found that the appellees were engaged in a governmental function and were therefore immune from liability in tort.
In the summer of 1966 the two minor appellants, aged seven and eleven, were seriously injured when they fell from a playground apparatus commonly known as “monkey bars” wMle participating in the WilMnsburg School District Summer Recreation Program. The summer recreation program, which was open to residents and nonresidents of the school district, consisted of organized playground activities and various other summer pursuits. The appellants’ complaint charges the WilMnsburg School District and the *481 Borough, of WilMnsburg with negligence (1) in the maintenance of a dangerous apparatus, (2) in the failure to properly inspect the apparatus to determine whether it was in a safe condition for use by minor children of tender age, (3) in the failure to provide reasonable and adequate supervision of the playground, and (4) in the violation of various statutes and ordinances pertaining to the operation of playgrounds and facilities for the use of the general public. The court below dismissed the complaint on the ground that governmental entities are not liable in tort for the negligent acts of their servants in the performance of governmental rather than proprietary functions.[1]
Appellants argue that the operation of a Summer Eeereation Program which is not a part of the school curriculum and which is not statutorily required is a proprietary function. They rely on Morris v. Mount Lebanon Township School District, 393 Pa. 633, 144 A. 2d 737 (1958). In Morris, our Supreme Court considered a fact situation similar to that in the instant case:
“In general, (and perhaps unhelpfully), it has been said that if a given activity is one which a local government unit is not statutorily required to perform, or if it may also be carried on by private enterprise, or if it is used as a means of raising revenue, the function is proprietary. See Hill v. Allentown Housing Authority, 373 Pa. 92, 95 A. 2d 519 (1953).
“In the instant case, although the nature of a summer recreation program has not before been judicially determined, the activity satisfies the requirements of a *482 proprietary function. Thus, the school district in this case was not required by statute to undertake the recreation program, nor was the program even a part of the regular school curriculum. On the contrary, it was open to members of the general public residing both within and without the school district. Furthermore, the summer activity was of a type regularly conducted by private enterprises and a charge was made for participation therein.” Morris v. Mount Lebanon Township School District, supra at p. 638.
Appellants claim that the activity of the school district in this case satisfies two out of the three tests given in Morris, namely that the activity was not statutorily required and that it could be carried on by private enterprise. The only significant difference between the facts in Morris and those in the instant case is that the injured plaintiffs in Morris had to pay an admission fee to participate in the school district’s summer recreation program.
In a later case, Shields v. Pittsburgh School District, 408 Pa. 388, 184 A. 2d 240 (1962), the Supreme Court held that where the minor plaintiff was injured while playing on a school playground during the summer vacation period, the school district would be liable:
“Herein the use of the playground, at the time involved, was without any pecuniary gain to the school district. Further, the Public School Code specifically authorizes a school district to furnish and maintain a playground for the ‘education and recreation’ of persons living within the district. See Sections 502 and 702 of the Act of March 10,1949, P. L. 30, as amended, 24 P.S. §§5-502, 7-702.
“. . . the code also specifically authorizes the use at anytime of public school buildings, ground and facilities for social, recreational, and other non-educa *483 tional functions so long as such activities do not interfere with school and educational programs. See Section 775 of the Act of 1949, Supra, 24 P.S. §7-775.”
Shields, however, is distinguishable from the facts in the instant case. The minor plaintiff in Shields was injured while playing on a playground maintained by the defendant school district, but the school district was not conducting a summer recreation program at the time the plaintiff was injured. Where a school district actively encourages children to come to a playground and participate in a special program, the district cannot claim that it is engaged in a governmental function and be immune from all liability. The recreation program is not statutorily required, nor is it an activity peculiarly within the province of governmental action.
As stated above, the only difference between the facts in the present case and the facts in Morris v. Mount Lebanon Township School District, supra, is that the appellant here did not pay for the privilege of participating in the program. Pecuniary gain, in and of itself, should not be determinative of whether an activity is proprietary or governmental. See Hill v. Allentown Housing Authority, 373 Pa. 92, 95 A. 2d 519 (1953). I do not believe, therefore, that appellee can hide behind the shield of sovereign immunity and avoid this action.[2]
For the above reasons I would vacate the order of the court below and remand this case for further proceedings consistent with this opinion.

 In Dillon v. York City School District, 422 Pa. 103, 220 A. 2d 896 (1966), and Graysneck v. Heard, 422 Pa. 111, 220 A. 2d 893 (1966), our Supreme Court declined to overrule the judicially initiated governmental immunity doctrine. The basis for the Court’s decision was its belief that any change in the doctrine should be made by the legislature rather than the courts.

 It is not necessary to reach the question of whether the doctrine of sovereign immunity should be abrogated in Pennsylvania. It should be noted, however, that the inequities of the doctrine of sovereign immunity are well known, and many states have abandoned it, particularly in recent years. See Flisek v. Star Fireworks, Inc., 220 Pa. Superior Ct. 350, 286 A. 2d 673 (1971) (Dissenting Opinion by Hoffman, J.).