WILLIAM G. SMITH, as Father and Natural Guardian of CHRISTIAN M. SMITH, an Infant, et al., Plaintiffs, v JOSEPH F. SAPIENZA et al., Defendants and Third-Party Plaintiffs-Appellants. HEATHER SMITH, an Infant, by WILLIAM G. SMITH, et al., Third-Party Defendants-Respondents.

Second Department, March 17, 1980

APPEARANCES OF COUNSEL

*Martin Rosen (Charles S. Hefter* of counsel), for appellants.

*Allan P. White, P. C. (Siff & Newman, P. C. [Ignatius John Melito]* of counsel), for respondents.

**OPINION OF THE COURT**

TITONE, J.

The questions on appeal are: (1) under the circumstances did the father of the four-year-old infant plaintiff, who was bitten by the dog of the defendants, owe an independent duty to defendants to prevent the child from placing himself in the position whereby he exposed himself to the attack by the animal; and (2) assuming the father had immunity from suit for negligent supervision of the injured child, did it extend to the injured child's 10-year-old sister who was minding him at the time of the attack?

On May 4, 1977, at approximately 4:30 P.M., the four-year-old Christian Smith and his 10-year-old sister, Heather, went to the home of the defendants, their next door neighbors, to deliver Girl Scout cookies. While on defendants' property, Christian was attacked by their collie and, as a result, sustained personal injuries.

William Smith, father of Christian, brought an action for damages against defendants on behalf of the child and also to recover his (the father's) medical expenses. Defendants brought a third-party action against Christian's father and his 10-year-old sister in which they charged each with negligence in failing to supervise the infant plaintiff. In their third-party complaint defendants (the third-party plaintiffs) claimed that any damages sustained by the four-year-old plaintiff were caused by the child's father and the 10-year-old sister (the third-party defendants) in breaching their duty to the third-party plaintiffs by permitting the injured child to wander off alone on their property, kick the dog, and thus place himself in a position of danger.

By notice of motion dated March 27, 1979, the third-party defendants moved for summary judgment dismissing the third-party complaint for failure to state a claim upon which relief can be granted. Special Term granted the motion and dismissed the third-party complaint against both the father and the sister for legal insufficiency. The order should be affirmed.

With respect to the third-party claim against the father of the four-year-old infant, defendants assert that they suffered harm by being exposed to tort liability to the infant and therefore the decision in *Holodook v Spencer* (36 NY2d 35) does not apply in this case. The thrust of defendants' argument in opposition to the motion for summary judgment is that their claim is not derivatively based on the father's (plaintiff William Smith's) duty owed to Christian Smith (the four-year-old infant plaintiff), to provide him with adequate supervision, but is based on his breach of a duty allegedly owed directly to defendants. The alleged duty owed by the plaintiff father to them was to refrain from "permitting [the] infant plaintiff Christian Smith to wander off by himself" on defendants' premises and "place himself in a position of danger."

A reading of *Holodook* renders such argument of defendants untenable. The clear thrust of defendants' assertion is that the father's failure to supervise, or his "negligent supervision" of, his four-year-old son under the circumstances, constituted a basis for their claim of contribution against the father. However, the Court of Appeals in *Holodook (supra,* p 48), a case factually analogous to this one, stated unequivocally that "*Holodook* illustrates that if a negligent supervision claim is allowed, the rights and procedures granted to a defendant by *Dole [Dole v Dow Chem. Co.,* 30 NY2d 143] *directly collide with policies of promoting family harmony*" (emphasis supplied). Where there exists no cause of action in favor of a child against his parent for lack of or inadequate supervision, as in the case herein, there is no basis for a counterclaim or third-party complaint under *Dole.* Parents owe no duty to the world at large to prevent tort-feasors from injuring their children, and in the absence of a legal duty to either the plaintiff child or the defendant, no *Dole* claim can be interposed (see *Holodook v Spencer,* 43 AD2d 129, 137, affd 36 NY2d 35, *supra).*

In *Holodook,* the infant plaintiff, also four years old, darted from between parked cars and was struck by an automobile driven by defendant. The father, as in this case, sued on behalf of the child for the latter's personal injuries, and also brought a derivative action for both medical expenses and loss of services. Defendant, similar to what transpired herein, then brought a third-party action for indemnification and apportionment of responsibility pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143, *supra)* against the mother of the child alleging

that at the time of the accident the infant was in her custody and that she failed to instruct, control and maintain her child. Defendant also counterclaimed against the infant's father under the *Dole* case alleging negligent failure to provide for the proper care, maintenance and supervision of his child. Both parents then moved to dismiss the third-party complaint and the counterclaim for failure of each to state a cause of action.

In affirming the dismissal of the defendant's claims against both parents, the Court of Appeals, in language particularly applicable to this case, stated, *inter alia* (36 NY2d, at pp 45-47):

"The element which persistently stands out as we consider and contrast these cases and the implications of our decision on future cases, is the potential impact of *Dole* apportionment and contribution upon the fundamental family relation between parent and child. * * *

"[T]he net effect of allowing *Dole* apportionment could well be the parent's failure to seek legal redress on the child's behalf against third parties who are more likely than the parent in these cases to have appropriate liability coverage. This is an effect obviously detrimental to the injured child * * * Conversely, in cases where the parents proceed to prosecute their child's action diligently and are themselves ultimately held liable for contribution for a percentage of the recovery because of their failure to supervise, family strife is a predictable consequence where insurance is absent. * * *

"It is artificial to separate the parent and child as economic entities by the assertion that the recovery of the nonparent defendant from the negligent parent does not technically diminish the injured child's recovery. The reality of the family is that, except in cases of great wealth, it is a single economic unit and recovery by a third party against the parent ultimately diminishes the value of the child's recovery."

Defendants' further argument, that the determination in *Nolechek v Gesuale* (46 NY2d 332) supports their right to claim contribution in this instance, is likewise without merit. The crux of the Court of Appeals decision in *Nolechek* is that where a parent negligently permits an infant child to use a "dangerous instrument" there is a breach of an established duty to third parties who are harmed, whether the harm to them be personal injury, property damage, or even exposure to tort liability. The "dangerous instrument" factor as a

narrow exception to the rule in *Holodook* (36 NY2d 35, *supra)* was specifically enunciated in *Nolechek (supra,* p 340) by the Court of Appeals when it stated, *inter alia:* "Of course, it was established in the *Holodook* case that even third-party tortfeasors are not entitled to contribution from parents for liability resulting in part from negligent supervision of children * * * *When dangerous instruments are involved, however, the considerations are different."* (Emphasis supplied.)

In *Nolechek* the decedent, 16 years old, blind in one eye and with impaired vision in the other, who did not possess a driver's license, was given a motorcycle by his father. He was killed when the motorcycle he was riding (he had switched motorcycles with his friend just before the accident) struck a steel cable suspended by the defendant sand and gravel company to close off a road used to transport mined sand and gravel. The Court of Appeals reinstated the counterclaim which asserted negligence on the part of the plaintiff father in providing his son with a motorcycle under the circumstances.

In the instant situation, this court is faced with a situation where the four-year-old who was bitten by his neighbors' dog was accompanying his sister while she was delivering cookies to the neighbors. Manifestly, the general rule enunciated in *Holodook (supra)* applies rather than the "dangerous instrument" exception set forth in *Nolechek (supra).*

I also believe that the policy consideration in *Holodook* (36 NY2d 35, *supra)* held applicable to the mother of the four-year-old infant plaintiff, also applies to the 10-year-old sister of the four-year-old infant plaintiff herein. In *Holodook,* the defendants alleged in their third-party complaint that the injured child was in the mother's custody at the time of the accident and that she negligently failed to perform her duty to control and maintain her child. In the matter at bar defendants alleged in their third-party complaint that at the time of the accident the sister had the custody and care of her younger brother, the infant plaintiff, and permitted him to wander off by himself without proper care or custody.

In upholding the dismissal of the third-party action against the mother in *Holodook,* as well as the counterclaim against the child's father, the Court of Appeals opined, *inter alia,* that the reason a child does not have a cause of action against a parent for negligent supervision was based in part on the desire to avoid strife within the family. In addition, since the parent and child are members of the same economic unit, a

recovery based on negligent supervision by a third party against the parent, ultimately diminishes the value of the child's recovery *(Holodook v Spencer,* 36 NY2d 35, 47, *supra).*

Such considerations are equally important in the instant situation with respect to the injured child's 10-year-old sister. Since she and her younger brother are members of the same nuclear family, and have the same parents, a third-party recovery against her would undoubtedly diminish any recovery obtained on behalf of her younger brother. Moreover, when one considers that the parents in this instance would be placed on both sides of the litigation, i.e., prosecuting the four-year-old's claim and defending his sister in the same action, the conflict and strain on the family relationship is painfully apparent.

Furthermore, it should also be noted that in *Holodook (supra,* p 50), the Court of Appeals cautioned against "circumscrib[ing] the wide range of discretion a parent ought to have in permitting his child to undertake responsibility and gain independence." In this case, the plaintiff father exercised his parental discretion by permitting both siblings to visit their neighbors' home to deliver Girl Scout cookies. Thus, to permit the present suit against the 10-year-old sister would, contra to *Holodook,* limit a parent's "right to determine how much independence, supervision and control a child should have" (see *Holodook v Spencer, supra,* p 50).

Accordingly, the order dismissing the third-party claims of defendants should be affirmed.

MOLLEN, P. J., MANGANO and O'CONNOR, JJ., concur.

Order of the Supreme Court, Westchester County, dated June 27, 1979, affirmed, without costs or disbursements.