OPINION OF THE COURT
Chief Judge Cooke.
The question here, with far-reaching implications in this litigious and societally conscious era, is whether a four-year-old boy may recover against his 10-year-old sister for her negligent supervision of him. It is concluded, for a variety of reasons, that there exists no such cause of action —one for negligent supervision — between unemancipated minor siblings.
On May 4,1977,10-year-old Heather Smith, accompanied by her four-year-old brother Christian, went to deliver Girl Scout cookies to their neighbors, defendants Sapienza. While on defendants’ property, Christian was allegedly attacked by defendants’ collie. William Smith, the father of Christian and Heather, commenced this action to recover damages on behalf of Christian, as well as his own medical expenses. Defendants in turn brought a third-party action for contribution against William and Heather, alleging negligent failure to supervise Christian.
Special Term granted summary judgment dismissing the third-party complaint. A unanimous Appellate Division affirmed. This court granted leave to appeal from so much of the Appellate Division order as affirmed dismissal of the complaint against Heather (50 NY2d 913). The issue, then, is whether Holodook v Spencer (36 NY2d 35), which declined to recognize a cause of action by a child against a parent for negligent supervision, also precludes recognition of such a cause of action between siblings.
Analysis of the question must begin with the decision in Gelbman v Gelbman (23 NY2d 434), in which this court abolished intrafamilial immunity for nonwillful torts. Prior to Gelbman, of course, certain family members enjoyed immunity from liability for tortious injuries inflicted upon other family members (e.g., Badigian v Badigian, 9 NY2d 472; Sorrentino v Sorrentino, 248 NY 626). The effect of *85 Gelbman has been to render family members liable “for acts which if done by one ordinary person to another would be torts” (McCurdy, Torts Between Persons in Domestic Relation, 43 Harv L Rev 1030; see Holodook v Spencer, 36 NY2d 35, 43-44, supra; Badigian v Badigian, supra, at p 481 [Fuld, J., dissenting]). In addition to normal tort liability, the abrogation of immunity also opened “for exploration the area of duties which exist because of the family relationship, and which, if breached, entail legal consequences” (Holodook v Spencer, supra, at p 44 [emphasis in original]).
Thus, if an action for negligent supervision between siblings had previously existed, it would not now be barred by the immunity doctrine. It is not surprising, however, that the parties have not cited and research has not disclosed any New York case holding one sibling liable to another for negligent supervision. Whatever might have been the rule as to ordinary torts between siblings, there simply is no historical precedent or sound predicate for such a negligent supervision action.
Nor should this court fashion a new theory to impose liability upon a sibling. In the Holodook case, we found compelling policy reasons, essentially the same as those underlying the immunity doctrine, for not creating a supervision action against a parent (id., at pp 45-46). Many of those same policy considerations militate against recognition of a cause of action for negligent supervision between unemancipated minor siblings.
Recognition of such an action would give rise to Dole claims[1] for contribution against the allegedly errant sibling when the injured child brings an action against the third-party tort-feasor. And, the possibility of Dole claims may dilute or effectively preclude a suit for compensation by the injured child. This is so because the parents, when informed of the potential liability of another child, might well decide to forego legal action. But even if they do not, the damages awarded the injured child are likely to be reduced by the percentage of fault attributable to his or her sibling. Since *86 there is generally in effect but one family treasury, any contribution obtained from the sibling will as a practical matter be deducted from the plaintiff’s recovery.
More fundamental is the possibility of intrafamily conflict engendered by such actions. Where one child is injured and the other child is potentially liable, the parents are placed in the rather awkward position of advancing, resisting or balancing conflicting interests. They would be responsible for prosecuting any legal action on behalf of the injured child while at the same time providing assistance to the child who is being sued in the third-party action. In short, where children of the same family unit are forced into essentially adversarial positions in litigation, the potential for disruption and perhaps even irreconcilable conflict is manifest.
It is also not insignificant that, while the law places upon the parent an obligation to supervise his or her child, the breach of which is not actionable by the child (Holodook v Spencer, 36 NY2d, at p 45), there is usually no such corresponding obligation imposed upon minor siblings. A rather incongruous result would obtain, therefore, were a negligent supervision action against a child to be recognized. Indeed, when a child is temporarily entrusted with the well-being of his or her sibling, it is often because the parent, after assessing the judgment, maturity and capabilities of each child, has explicitly or implicitly delegated that task.[2] To allow an action to be maintained against the supervising child would thus be to allow an indirect suit against' the parent for delegating temporary supervision.
For these reasons, it would be inadvisable to create a new action for negligent supervision between unemancipated minor siblings. Contrary to appellant’s argument, the decision in Nolechek v Gesuale (46 NY2d 332) does not dictate otherwise. That case merely applied, in rather unique circumstances (see id., at pp 341-342), the established rule *87 that an injured third party possesses a cause of action against a parent who has negligently entrusted a dangerous instrument to his child (id., at pp 340-342). Since Holodook itself articulated this same rule (36 NY2d, at p 45, supra), it is apparent that Nolechek does not detract from the holding or rationale of Holodook.
Inasmuch as a child has no cause of action against a sibling who is guilty of negligent supervision, it follows that a third party possesses no Dole claim for contribution against the allegedly negligent sibling. A claim for contribution exists only when two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person (e.g., Holodook v Spencer, 36 NY2d 35, 51 supra; Barry v Niagara Frontier Tr. System, 35 NY2d 629, 633; Rogers v Dorchester Assoc., 32 NY2d 553, 564).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
Order affirmed.

. (Dole v Dow Chem. Co., 30 NY2d 143.)

. Such an entrustment might be part of the training of a child in an effort to inculcate responsibility or affection. It might be accomplished in an effort to economize, particularly where both parents are gainfully employed. These are some of the “stuff” that bind families together and enable their members to reap some of the richer rewards of life.