■ KEITH TRUDEAU, Individually and as Parent and Natural Guardian of LORI A. TRUDEAU, an Infant, Plaintiff, v BENJAMIN BENWAY, Defendant and Third-Party Plaintiff-Appellant. KEITH TRUDEAU, Third-Party Defendant-Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Dier, J.), entered January 16, 1981 in Clinton County, which, *inter alia,* granted third-party defendant Trudeau's motion for summary judgment dismissing the third-party complaint, and (2) from the judgment entered thereon. Plaintiff commenced this action on behalf of himself and his infant daughter, seeking damages for injuries sustained when the infant was bitten by defendant's dog while on defendant's premises. Defendant served a third-party complaint on plaintiff seeking contribution, alleging that plaintiff had been warned by defendant about the dog and had assured defendant that he (plaintiff) would keep his children and the dog apart. Special Term dismissed the third-party complaint and this appeal ensued. There must be an affirmance *(Holodook v Spencer,* 36 NY2d 35). Defendant contends that *Holodook* is not applicable here on the theory that a specific duty owing to defendant was created by plaintiff's alleged assurance that he would keep his children away from defendant's dog. The gist of the third-party complaint, however, is that plaintiff failed to supervise his children, and in our view plaintiff's alleged assurance to defendant was nothing more than an acknowledgement of his existing duty of supervision. Accordingly, no cause of action for contribution or indemnity lies against plaintiff *(Smith v Sapienza,* 73 AD2d 224, affd 52 NY2d 82). Order and judgment affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.