GEORGE STEWART, Individually and as Parent and Guardian of DAVID STEWART, an Infant, Plaintiff, v WILLIAM G. BROWN, Individually and as Voluntary Administrator of the Estate of EVELYN BROWN, Deceased, Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. GLEN STEWART et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant.

Third Department, December 6, 1984

### APPEARANCES OF COUNSEL

*Hancock & Estabrook* (*Robert A. Small* of counsel), for appellant.

*Setright & Ciabotti* (*Victor J. Ciabotti* of counsel), for respondents.

### OPINION OF THE COURT

MAHONEY, P. J.

William and Evelyn Brown owned and operated a private golf course on lands owned by them in Bridgeport, Madison County, when, on August 10, 1978, Glen and Mark Stewart, then ages 17 and 16, respectively, were weeding an area of the golf course as employees of the Browns. On that date, their brothers David,

age nine, and Jeffrey, age five, and a friend, David Messinger, age nine, were also present. While the boys were working, using screwdrivers as weeding forks, David Stewart was injured when a screwdriver allegedly thrown by David Messinger struck him in the eye. Thereafter, David Stewart's father, George Stewart, commenced an action individually and on David's behalf against Messinger's parents and the Browns. William Brown[1] brought a third-party action against Glen, Mark and Jeffrey Stewart and filed a cross claim against the Messingers. Brown alleged that Jeffrey Stewart was liable for contribution since he had actually caused David Stewart's injury[2] and that Glen and Mark Stewart were liable for contribution based on their failure to supervise their younger brother.

The Stewart brothers moved to dismiss the third-party complaint. Special Term denied the motion with respect to Jeffrey but granted the motion with respect to the causes of action against Glen and Mark. This appeal by Brown ensued.[3]

The case of *Smith v Sapienza* (52 NY2d 82), relied upon by Special Term, does not require dismissal of the third-party claims at issue. In *Smith,* a 10-year-old girl, accompanied by her four-year-old brother, was delivering Girl Scout cookies when the younger child was attacked by a dog. The father of the infant siblings commenced an action against the dog owners who, in turn, sought to implead the two Smith children, alleging negligent failure to supervise on behalf of the older Smith child. The Court of Appeals held that a child has no cause of action against a sibling who is guilty of negligent supervision since recognition of such an action would give rise to *Dole*[4] claims for contribution against the allegedly errant sibling when the injured child brings an action against the third-party tort-feasor, thereby effectively precluding a suit for compensation by the parent on behalf of the injured child (*Smith v Sapienza, supra,* p 85). Here, however, unlike in *Smith,* Glen and Mark Stewart were employees of the third-party plaintiff with concomitant duties to refrain from conduct inimical to the interests of their employer. Glen and Mark, while performing the duties for which they were

**1.** Evelyn Brown is now deceased. William Brown brings his third-party action both in his individual capacity and as administrator of the estate of Evelyn Brown.

**2.** At this stage of the action it is not clear whether David Messinger or Jeffrey Stewart threw the screwdriver.

**3.** No appeal has been taken from that part of Special Term's order which denied the motion to dismiss the third-party complaint as against Jeffrey Stewart.

**4.** *Dole v Dow Chem. Co.* (30 NY2d 143).

hired, were also engaged in babysitting their younger brother and other youngsters in an area potentially hazardous to the children. Accordingly, while Glen and Mark Stewart may not have had a duty to their sibling brother, they did have a duty as employees to refrain from conduct that could cast their employer in liability. A proportionate liability claim will lie, notwithstanding the absence of a duty to the injured person, if the third-party defendant owes a duty directly to the third-party plaintiff (see *Garrett v Holiday Inns,* 58 NY2d 253, 261).

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Order modified, on the law, without costs; motion denied in its entirety and the third-party complaint is reinstated against third-party defendants Glen and Mark Stewart; and, as so modified, affirmed.