■ KATHLEEN MADDEN, an Infant, by TIMOTHY MADDEN, Her Father and Natural Guardian, et al., Respondents, v COUNTY OF NASSAU DEPARTMENT OF RECREATION AND PARKS, Appellant.—In an action to recover damages for personal

injuries sustained by the infant plaintiff, the defendant appeals from a judgment of the Supreme Court, Nassau County (Widlitz, J.), dated October 16, 1984, which, after a jury trial, dismissed its counterclaim and awarded damages to the plaintiff Kathleen Madden in the principal sum of $50,000.

Judgment affirmed, with costs.

The infant plaintiff, Kathleen Madden, who was six years old at the time of the accident, sustained a traumatic amputation of part of her right ring finger after being knocked to the ice while skating hand-in-hand with her father, the plaintiff Timothy Madden, on an ice skating rink owned and operated by the defendant, Nassau County. The plaintiffs claim that the cause of the accident was the poor condition of the ice and the lack of supervision at the rink. The defendant's witnesses testified to the contrary, and the defendant asserted in its counterclaim that Mr. Madden breached his duty to skate in a safe and prudent manner and that he was negligent in causing the infant plaintiff's accident and injury. The jury returned a verdict in favor of the infant plaintiff in the principal sum of $50,000.

The factual determination of liability in a negligence case is a jury question *(see, Boyle v Gretch,* 57 AD2d 1047). "It can only be said that the verdict was contrary to the weight of the evidence if the testimony was such that reasonable men could not have reached the jury's conclusion" *(Buemi v Mariani,* 41 AD2d 1002).

With respect to the issue of liability, it cannot be said upon this record that the evidence was so heavily weighted against the plaintiffs that the jury could not have reached a verdict in their favor upon any fair interpretation of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493). The credibility of the witnesses and the accuracy of their testimony were issues for the jury to determine *(see, Rosenberg v Rixon,* 111 AD2d 910) and this court will not substitute its judgment for that of the jury *(see, Harris v Armstrong,* 97 AD2d 947, *affd* 64 NY2d 700).

Further, the trial court properly dismissed the defendant's counterclaim against the plaintiff Timothy Madden. The defendant offered no proof with regard to Mr. Madden's skating in a negligent manner and, in any event, negligent supervision cannot be a basis of liability between a parent and child nor the basis of a claim for contribution against the allegedly negligent parent *(see, Smith v Sapienza,* 52 NY2d 82).

Finally, the jury verdict of $50,000 awarded to the infant

plaintiff was not excessive. "The fixation of damages in personal injury actions is peculiarly the function of the jury and should not be disturbed unless it can be said that it was so grossly * * * excessive as to be unconscionable" *(Hallenbeck v Caiazzo,* 41 AD2d 784). The case at bar involves a traumatic amputation of a substantial portion of the infant plaintiff's right ring finger. She is left with a permanently deformed hand, is in constant pain due to a neuroma at the tip of the severed finger and will need further surgery in which more of the finger will be amputated. Moreover, as a result of her injury, the infant plaintiff has become introverted and is subject to severe mood changes.

All the evidence leads to the conclusion that the jury's verdict was, under all the circumstances, reasonable. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.