■ PATRICK McHUGH, Plaintiff, v INTERNATIONAL COMPONENTS CORP., Defendant and Third-Party Plaintiff-Respondent. TODD PRODUCTS CORPORATION, Third-Party Defendant-Appellant. (And Other Titles.)—In an action to recover damages for personal injuries, the third-party defendant Todd Products Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered November 20, 1984, as denied its cross motion to dismiss the third-party complaint against it.

Order reversed, insofar as appealed from, with costs, and cross motion granted.

After settlement of a first-party action, a third-party complaint can stand only if it asserts a claim for indemnification, and not contribution (see, General Obligations Law § 15-108; *McDermott v City of New York*, 50 NY2d 211, 220; *Riviello v Waldron*, 47 NY2d 297, 306-307). The third-party complaint here, however, alleges only that the negligence of the third-party defendant was a cause of the injuries to the plaintiff and, therefore, fails to show that nexus between the liability of the third-party plaintiff and the wrongful act of the third-party defendant that is required to support an indemnification claim (see, *Rosado v Proctor & Schwartz*, 106 AD2d 27, *affd* 66 NY2d 21; *County of Westchester v Becket Assoc.*, 102 AD2d 34, *affd* 66 NY2d 642; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 786). The third-party complaint should, therefore, have been dismissed. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.