(May 16, 1988)

AETNA LIFE & CASUALTY COMPANY, as Subrogee of Long Island University, Appellant, v BLUE BIRD COACH COMPANY et al., Respondents, et al., Defendants

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This action for indemnification is based upon the plaintiff's payment of damages in settlement of a prior negligence action brought against its insured, Long Island University (hereinafter LIU), and LIU's employee, Eugene Gregory. The plaintiff in that action (hereinafter the passenger) was allegedly injured while riding in a bus owned and operated by LIU. It was alleged that Gregory, the driver of the bus, negligently stopped short, after a two-car collision occurred in the roadway ahead of the bus, thereby causing the passenger to be thrown from his seat. As a result, the passenger sustained serious injuries. The passenger's theory of recovery was twofold: that Gregory had operated the bus in a negligent manner, and that LIU was negligent in failing to provide the bus with certain safety features in contravention of certain rules and regulations of the New York State Department of Transportation. In the liability phase of a bifurcated trial, the jury, in answer to certain interrogatories, found that LIU's employee was negligent in operating the bus and that LIU was negligent in failing to have a safety panel on the bus. The jury also found that LIU and its employee were cumulatively 80% responsible for "causing the accident". Prior to the trial on damages, however, all parties to the personal injury action entered into a settlement and no judgment was entered upon the jury's verdict. The plaintiff insurer subsequently paid $725,000 to the passenger on behalf of both LIU and the driver of the bus, which was approximately 80% of the total settlement of $900,000.

In this action, the plaintiff, as subrogee of LIU, seeks indemnification from, inter alia, the defendants Blue Bird Coach Company and Ford Motor Company, the manufacturers of the bus, for allegedly providing LIU with a defective bus. Upon those defendants' motion and cross motion for summary judgment, the Supreme Court, Nassau County, dismissed the complaint as against them.

Assuming, arguendo, that the jury verdict on the issue of liability in the underlying personal injury action does not

collaterally estop the plaintiff from maintaining this action *(see, Ott v Barash,* 109 AD2d 254; *Peterson v Forkey,* 50 AD2d 774; *cf., Aetna Cas. & Sur. Co. v Jeppesen & Co.,* 440 F Supp 394), we find that the dismissal of the complaint as against the defendant manufacturers was proper.

It is well established that "[a] party who has settled and seeks what it characterizes as indemnification * * * must show that it may not be held responsible in any degree" for causing the harm or accident *(Rosado v Proctor & Schwartz,* 66 NY2d 21, 24-25). This showing is required because indemnification permits a party who is compelled to pay for a loss, without regard to his own fault, to shift the entire loss to another person who was the actual wrongdoer *(see, Glaser v Fortunoff of Westbury Corp.,* 71 NY2d 643, 645-646; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Rosado v Proctor & Schwartz, supra; Ott v Barash, supra).*

In evaluating this claim for indemnification, an analysis of the underlying theory upon which recovery was sought by the passenger as against LIU is appropriate *(see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra,* at 568).

As noted, in the underlying personal injury action, the passenger's theory of recovery as against LIU was based upon the bus driver's allegedly negligent operation of the bus and LIU's failure to comply with certain applicable rules and regulations of the New York State Department of Transportation concerning safety features in the bus.

With respect to the bus driver's alleged negligent operation of the bus, the plaintiff has failed to establish any nexus between LIU's liability for that conduct and the alleged wrongful acts of the defendant manufacturers sufficient to support an indemnification claim against these defendants *(see, McHugh v International Components Corp.,* 118 AD2d 762).

As to LIU's liability for failing to comply with certain statutes and regulations regarding safety features in the bus, as conceded by the plaintiff, LIU is a common carrier. Therefore, it owed a direct duty to the passenger to provide safe and adequate service on its bus *(see,* Transportation Law § 96). In addition to this general responsibility for the safety of its passengers, LIU was specifically mandated to comply with certain rules and regulations of the New York State Department of Transportation which require common carriers to transport passengers in vehicles equipped with certain safety features, including, among other things, a safety panel *(see,* 17

NYCRR 721.8, 721.25). Thus, LIU's liability arose from its independent breach of a duty owed to the passenger. Consequently, even if it were established that the defendant manufacturers breached a duty to the passenger by supplying LIU with a bus which had no safety panel, the manufacturers could only be compelled to share responsibility for the harm to the passenger. "[W]hen two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively [owe] to the injured person", contribution rather than indemnification is the applicable rule *(Smith v Sapienza,* 52 NY2d 82, 87; *see, Guzman v Haven Plaza Hous. Dev. Fund Co., supra; see also, Garrett v Holiday Inns,* 58 NY2d 253). Since this claim for indemnification is, in fact, a claim for contribution, which is barred by the settlement of the underlying personal injury action *(see,* General Obligations Law § 15-108), the dismissal of the complaint as against the defendant manufacturers was warranted. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.