■ ROBERT WARD, Respondent, v JOSEPH COPERTINO, Doing Business as A-1 SEWER ROOTER COMPANY, Defendant, and TOWN OF NEW WINDSOR, Appellant.—In an action for contribution and/or indemnification to recover damages paid in settlement of a prior negligence action, the defendant Town of New Windsor appeals from so much of an order of the Supreme Court, Orange County (Green, J.), dated May 12, 1988, as denied its motion pursuant to CPLR 3212 for summary judgment dismissing the complaint as against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant Town of New Windsor's motion for summary judgment dismissing the complaint insofar as it is asserted against it is granted, and the action against the remaining defendant is severed.

The plaintiff Robert Ward commenced this action for contribution and/or indemnification to recover the moneys he had paid in settlement of a prior negligence action commenced by one Richard A. Copertino, an employee of the defendant Joseph Copertino (Richard's brother), doing business as A-1 Sewer Rooter Company.

It is now conceded by the plaintiff that, in light of the settlement, he cannot maintain a cause of action for contribution (see, General Obligations Law § 15-108; *McDermott v City of New York*, 50 NY2d 211, 220; *Aetna Life & Cas. Co. v Blue Bird Coach Co.*, 140 AD2d 476).

In determining the viability of the plaintiff's indemnification cause of action, an analysis of the underlying theory upon which recovery had been sought against the plaintiff in the prior negligence action is appropriate (see, *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568). In the prior action, Richard A. Copertino sought to hold the plaintiff liable

pursuant to Labor Law §§ 200 and 241 (6) based upon a breach of the plaintiff's nondelegable duties as an owner of land upon which the accident took place (see, *Copertino v Ward,* 100 AD2d 565). Copertino did not seek to hold the plaintiff vicariously liable for any alleged acts or omissions by the Town of New Windsor. Therefore, even if the Town of New Windsor was found to have breached a duty to Copertino, the Town of New Windsor "could only be compelled to share responsibility for the harm" to Copertino (*Aetna Life & Cas. Co. v Blue Bird Coach Co., supra,* at 479). Thus, the plaintiff has not set forth a cause of action for indemnification. Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.