OPINION OF THE COURT
Louis Sangiorgio, J.
The third-party defendant moves for an order, pursuant to *96 CPLR 3211 (a) (7), dismissing the third-party complaint for failure to state a cause of action.
Plaintiff Mario Vincenzino commenced this action claiming that on May 3, 1989 defendant George Calvosa provoked an argument with him at NYSA-ILA Medical Center, pointed a loaded gun at him and threatened to shoot him. Vincenzino alleges that Calvosa’s actions caused him to sustain severe personal injuries and emotional distress. In his third-party complaint Calvosa impleads NYSA-ILA Medical Center and alleges that Vincenzino was an employee of the medical center but that he was unstable and unsuited for his employment. Calvosa’s third-party complaint also alleges that Vincenzino had a propensity for violence and that the third-party defendant knew of such propensity. Calvosa claims "[t]hat if the plaintiff sustained the injuries as alleged in the Complaint, then the said incident came about solely and wholly by reason of the recklessness, carelessness and negligence of the third-party defendant” in negligently hiring the plaintiff.
The courts of this State have long recognized a cause of action for negligent hiring (see, Vanderhule v Berinstein, 285 App Div 290, amended on other grounds 284 App Div 1089). "To recover [damages] for injuries sustained because an employer has hired or retained an incompetent employee, a plaintiff must establish a duty owed by the defendant employer to the plaintiff, a breach of that duty by the defendant employer, and damages proximately caused by the defendant employer’s breach” (29 Am Jur, Trials, § 5, at 283; see generally, Note, The Responsibility of Employers for the Action of Their Employees: The Negligent Hiring Theory of Liability, 53 Chi-Kent L Rev 717 [1976]). Calvosa asks that any judgment which may be rendered against him in favor of Vincenzino be apportioned between Calvosa and the third-party defendant and/or that the third-party defendant is bound to indemnify him for any recovery by Vincenzino.
The issue presented is whether the alleged negligent hiring of plaintiff by NYSA-ILA Medical Center may be interposed as a third-party complaint under these circumstances.
The codification of Dole v Dow Chem. Co. (30 NY2d 143) is embodied in CPLR article 14. This statute applies not only to joint tort-feasors, but also to concurrent, successive, independent and even intentional tort-feasors. (Board of Educ. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21.)
"(b) The section is not limited to unintentional tortfeasors. *97 The Court of Appeals has suggested that no such limitation should be placed upon the expanded right to contribution: 'Dole now permits apportionment * * * regardless of the degree or nature of the concurring fault.’ Kelly v. Long Island Lighting Co., 31 N.Y.2d 25, 29 (1972). That no sound policy reason exists for denying contribution among tortfeasors where one or more is charged with intentional or reckless and wanton misconduct, has been argued. See, e.g., Leflar, Contribution and Indemnity Between Tortfeasors, 81 U.Pa.L.Rev. 130, 139 (1932).
"The fact that contribution under Section 1401 of the CPLR has not been barred where tortfeasors are charged with reckless or intentional misconduct (Murphy, Dole v. Dow Chemical: Thoughts About the Future, 2 J. Ins. Negligence & Compensation L. Section 17, 20-21 [1972]) is suggestive of the absence of any absolute policy in New York to bar contribution when intentional misconduct is involved. The existence of a procedure in new Article 14 for apportioning liability on the basis of relative degrees of culpability permits the use of the Article where one of the tortfeasors is guilty of intentional misconduct or reckless misconduct while another is not, without fear that the intentional wrongdoer will be 'rewarded’ by the presence of a non-intentional wrongdoer. The decision of the Supreme Court of Wisconsin to permit comparative contribution even where one wrongdoer was charged with gross negligence is equally applicable to the situation where one tortfeasor is charged with intentional wrongdoing: 'Much of what constituted gross negligence will be found to constitute a high percentage of ordinary negligence causing the harm.’ Bielski v. Schulze, 16 Wis. 2d 1, 114 N.W.2d 105, 113 (1962).” (12th Ann Report of NY Jud Conf on CPLR, reprinted in 20th Ann Report of NY Jud Conf, at 213, 214.)
Consequently, as a matter of procedure, there is no bar to an intentional tort-feasor seeking contribution and an apportionment of liability from a purportedly negligent tort-feasor. As a matter of substantive law, however, the claim for contribution and/or indemnification must be precluded.
This appears to be a matter of first impression, for no cases can be found on the right to seek contribution from a party charged with the negligent hiring of the plaintiff.* However, *98 the claim is substantially similar to cases wherein an infant plaintiff is injured by reason of the alleged negligence of defendant, who then seeks contribution from the child’s parents on the theory of negligent supervision. The cases have uniformly held that such contribution claims cannot stand. (Smith v Sapienza, 52 NY2d 82, 86; Madden v County of Nassau Dept. of Recreation & Parks, 117 AD2d 717, 718 [2d Dept]; Russo v Osofsky, 112 AD2d 926 [2d Dept].) This is so because, notwithstanding the duty of a parent to supervise his or her child, the breach thereof is not actionable by the child. (Holodook v Spencer, 36 NY2d 35, 45; Smith v Sapienza, supra.)
By parallel reasoning, the breach of any duty not to negligently hire its employees cannot be actionable by the employee himself, here plaintiff Vincenzino. Thus, it follows that the defendant/third-party plaintiff possesses no Dole claim for contribution against the allegedly negligent employer who hired plaintiff (cf., Smith v Sapienza, supra). "A claim for contribution exists only when two or more tort-feasors share in responsibility for [the same] injury, in violation of duties they respectively owed to the injured person” (supra, at 87, citing Holodook v Spencer, supra). Third-party defendant medical center, owing no independent duty to plaintiff not to negligently hire him, cannot be held responsible for such via a Dole contribution claim.
A parent may be held liable to an injured person for entrusting his or her child with a "dangerous instrument” (Nolechek v Gesuale, 46 NY2d 332), but there is no allegation that the medical center negligently entrusted or gave control of any gun which the defendant Calvosa allegedly brandished upon plaintiff.
For these reasons, the motion is granted and the third-party complaint is dismissed.

 The Fourth Department decision in Costanza Constr. Corp. v City of Rochester (135 AD2d 1111) concerned a cause of action for intentional tortious interference with contractual relations, and dismissed a third-party *98 complaint seeking contribution because it did not assert any intentional conduct on the part of third-party defendant. However, the nature or theory of recovery for seeking contribution was not discussed in the court’s memorandum decision.