■ JEREMY JACOBUS, Plaintiff, v BLACK & DECKER (U.S.), INC., Defendant and Third-Party Plaintiff-Appellant, 10 COLONIAL AVENUE, LLC, Defendant and Third-Party Plaintiff-Respondent; LEWIS & SON CONSTRUCTION CORP., Third-Party Defendant. [778 NYS2d 300]—

In an action, inter alia, to recover damages for personal injuries, Black & Decker (U.S.), Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated December 18, 2002, as denied that branch of its motion which was to dismiss so much of the third third-party complaint as asserted a cause of action for indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant third-party plaintiff and third third-party plaintiff, 10 Colonial Avenue, LLC (hereinafter Colonial), hired a contractor to perform renovations in an office building it owned. The plaintiff, an employee of the contractor, was injured while using a table saw that lacked a protective guard to cover its blade, as required by the Industrial Code (*see* 12 NYCRR 23-1.12 [c] [2]). The plaintiff commenced an action against Colonial and the manufacturer of the saw, the defendant second third-party plaintiff and third third-party defendant, Black & Decker (U.S.), Inc. (hereinafter Black & Decker).

Contrary to Black & Decker's contention, a sufficient nexus exists between Colonial's alleged liability under Labor Law § 241 (6) and Black & Decker's alleged wrongful acts to support Colonial's indemnification claim against it (*see McDermott v City of New York,* 50 NY2d 211 [1980]; *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.,* 35 NY2d 1 [1974]; *McFall v Compagnie Maritime Belge [Lloyd Royal] S.A.,* 304 NY 314, 330-331 [1952]; *Elkman v Southgate Owners Corp.,* 246 AD2d 314 [1998]; *cf. Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 567-569 [1987]; *Aetna Life & Cas. Co. v Blue Bird Coach Co.,* 140 AD2d 476, 478 [1988]). Accordingly, the Supreme Court properly denied that branch of Black & Decker's motion

which was to dismiss so much of the third third-party complaint as asserted a cause of action for indemnification. Florio, J.P., Adams, Cozier and Lifson, JJ., concur.